# STROOCK

**By ECF**

October 16, 2014

Michele L. Pahmer
Direct Dial: 212-806-6646
Fax: 212-806-6006
mpahmer@stroock.com

Hon. Kevin N. Fox, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: The City of New York et al. v. FedEx Ground Package System; Inc. et al.,
No. 13-cv-9173-ER

Dear Judge Fox:

On behalf of defendant FedEx Ground Package System, Inc. ("FedEx Ground"), I write in response to the letter dated October 10, 2014 from Eric Proshansky concerning the City of New York's request that FedEx Ground produce documents regarding shipments made on behalf of Your Kentucky Tobacco Resource ("YKTR").

As noted in Mr. Proshansky's letter, the Amended Complaint (the "Complaint") alleges that FedEx Ground shipped unstamped cigarettes on behalf of four of its former customers: Shinnecock Smoke Shop, Native Made Tobacco, FOW Enterprises, and CD2U. YKTR is not one of the entities whose shipments form the basis of any of the Complaint's claims, and, indeed, it is not even mentioned in the Amended Complaint at all.[1]

The City's claim, that documents concerning YKTR are relevant to this action, is misplaced for several reasons. First, the City does not adequately explain the relationship between its request for "all documents" concerning YKTR and FedEx Ground's policy prohibiting customers from shipping cigarettes, nor, importantly, how

---

[1] Although the City is vague as to when it learned of shipments by YKTR allegedly containing unstamped cigarettes, it presumably did so before it served its document requests on January 28, 2014. Nevertheless, when the complaint was amended on March 30, 2014, it was still devoid of any allegations concerning YKTR.

Hon. Kevin N. Fox
October 16 2014
Page 2

any such relationship is relevant to the claims at issue in this litigation.[2]  Second, although the City claims in general terms that the requested documents bear on FedEx Ground's alleged knowledge, it fails to explain how documents concerning FedEx Ground's shipments on behalf of YKTR can have any probative value on the issue of whether FedEx Ground knowingly shipped unstamped cigarettes on behalf of the unrelated customers at issue in this suit.  Similarly, the City's suggestion that "[e]vidence that FedEx was delivering contraband cigarettes for yet another Internet seller will serve as further proof of a racketeering pattern" misses the mark.  18 U.S.C. § 1962(c) provides, in relevant part, that "[i]t shall be unlawful for any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity."  (emphasis added).  For the City, the only customer included in "any" alleged enterprise is Shinnecock Smoke Shop, and evidence regarding YKTR does not regard "the conduct of such enterprise's affairs through a pattern" or otherwise.[3]

Ultimately, the City's own letter confirms why this discovery should not be permitted: the City seeks to uncover "[e]vidence that FedEx was delivering contraband cigarettes for yet another Internet seller . . .," which will essentially require a trial-within-a-trial concerning all of the facts and circumstances surrounding FedEx Ground's shipments for this unrelated customer, or any other of its customers about which the City seeks information during the course of this litigation.  This would not only greatly enlarge the scope of discovery and trial, but it would also leave FedEx Ground in the prejudicial position of having to defend against claims that are un-asserted with respect to shipments and shippers not alleged in the Amended Complaint.

---

[2]  It is true that FedEx Ground's Tariff, which governs its relationship with its customers, and to which each of its customers is bound, prohibits the shipment of cigarettes, unless the shipments are from a licensed dealer or distributor to another licensed dealer or distributor.  Still, it is not clear to what the City refers when it claims that FedEx Ground has invoked this policy "in its defense of this action." Proshansky Ltr. at 2.  FedEx Ground has moved to dismiss the Amended Complaint in part, which motion is still pending.  It has not yet answered or asserted any defenses to the claims.

[3]  Likewise, for the State, the only customers included in "any" alleged enterprise are the four listed above, and evidence regarding YTKR does not regard the conduct of "such" enterprises either. More generally, FedEx Ground has moved to dismiss Plaintiffs' RICO claims on insufficient "pattern" grounds, among others.

Hon. Kevin N. Fox
October 16 2014
Page 3

We look forward to discussing these issues during the telephonic conference scheduled for October 22nd.

Respectfully submitted,

*Michele Pahmer/EC*

Michele L. Pahmer

cc:  Counsel of Record

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI · WASHINGTON, DC
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM