UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE CITY OF NEW YORK and THE PEOPLE  :
OF THE STATE OF NEW YORK,
                                                                           :
                           Plaintiffs,
                                                                           :
          -against-                                                        **MEMORANDUM AND ORDER**
                                                                           :
FEDEX GROUND PACKAGE SYSTEMS, INC                  13-CV-9173 (ER) (KNF)
and FEDERAL EXPRESS CORP.,
                                                                           :
                           Defendants.                       :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    Before the Court is the plaintiffs' motion for an order: (1) "compelling non-party Jonathan Smith d/b/a Shinnecock Smoke Shop ('Shinnecock') to comply with plaintiffs' subpoena duces tecum, served on Shinnecock on August 18, 2014, within 14 days of the Court's order"; (2) "providing that, should Shinnecock continue to fail to comply with the subpoena after that date, Shinnecock shall be in contempt, shall pay a contempt fine to the Court of $100 for each day that it continues to fail to comply, and shall pay plaintiffs their reasonable attorney's fees and costs incurred as a result of the contempt"; and (3) "for such other and further relief as the Court deems proper." The motion is unopposed.

    In support of their motion, the plaintiffs submitted a declaration by counsel to plaintiff the City of New York, Eric Proshansky, Esq. ("Proshansky"), in which he asserts that "Shinnecock is a sole proprietorship owned by Jonathan Smith and operated by Jonathan Smith and his employees, and located on the Shinnecock Indian reservation in Southampton, New York." Proshansky contends, inter alia, that "Plaintiffs effected personal service at Shinnecock's place of business on Jackie Smith, who identified herself as the 'manager' of Shinnecock." According to Proshansky,

1

"Shinnecock failed to respond, object, or otherwise communicate with Plaintiffs regarding the Document Subpoena." Proshansky explains that "Counsel for the City contacted an attorney whom it believed might represent Shinnecock in the matter, and on September 15, 2014, that attorney informed the City's counsel that he contacted Shinnecock and was advised that Shinnecock had retained other counsel." According to Proshansky:

> On September 17, the City sent Shinnecock a letter requesting that Shinnecock (or its counsel, if it was represented) contact the City to discuss a schedule for compliance with the Document Subpoena, and stating that Plaintiffs would move to compel and for contempt if no response was received by September 24. . . . On September 26, Plaintiffs submitted a pre-motion conference letter to Judge Ramos (Dkt. # 40) with a copy to Shinnecock. . . . "[O]n October 10, 2014, Plaintiffs submitted a pre-motion conference letter to Judge Fox (Dkt. # 43) with a copy to Shinnecock. . . . On October 10, 2014, Judge Fox issued an order scheduling a telephone conference and providing that a copy of the order should be served on Shinnecock (Dkt. # 44), which the City did by overnight mail. . . . On October 22, 2014, Judge Fox held a telephone conference, on which no one for Shinnecock appeared. During the October 22 conference, Judge Fox instructed Plaintiffs that they could move to enforce the Document Subpoena. . . . To date, Plaintiffs have received no response whatsoever from Shinnecock to the Document Subpoena, any of Plaintiffs' letters, or the Court's order scheduling a conference.

Attached to Proshansky's declaration are various exhibits, including Exhibit 2, which Proshansky asserts contains "[t]rue and correct copies of affidavits of service." Exhibit 2 shows, inter alia, the following:

> ROBERT ZYATS, being duly sworn, deposes and says that deponent is not party to this action, is over 18 years of age and resides in the State of New York. That on 8/18/2014 at 12:35 PM at 50 MONTAUK HIGHWAY, SOUTHAMPTON, NY 11968, your deponent served the Subpoena bearing Docket # 13-CV-9173-ER upon JONATHAN SMITH d/b/a SHINNECOCK SMOKE SHOP 2014-00218, by delivering a true copy in a plain envelope marked 'personal and confidential' to a person of suitable age and discretion, to wit: JACKIE "SMITH", so verified that the intended recipient actually is employed at this location. Your deponent describes the person so served to the best of deponent's ability at the time and circumstances of service as follows:
> Gender:            Female
> Skin Color:        Brown
> Hair Color:        Black
> Approximate Age:        53-57

2

    Approximate Height:    5ft 3in-5ft 7in
    Approximate Weight: 115-125
    Other Information:    Manager

*Legal Standard*

"Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "[P]ersonal service of subpoenas is required. The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally. . . . Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena." 9ACharles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454 (3d ed. 2008). "[A] minority of courts, including some within the Second Circuit, have authorized constructive service of a civil subpoena, similar to that permitted under Rule 4, Fed. R. Civ. P." Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc., No. 99 Civ. 9623, 2006 WL 1311967, at *1 (S.D.N.Y. May 12, 2006); see King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997) (finding that hand-delivering a subpoena served under Rule 45 is not required, "so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness.").

*Application of Legal Standard*

    <u>Lack of Service of the Instant Motion on the Non-party</u>

The plaintiffs' notice of motion contains the following text, located below the signatures of the plaintiffs' attorneys:

        TO:    Jonathan Smith d/b/a Shinnecock Smoke Shop (by overnight mail)
                50 Montauk Highway
                Southampton, New York 11968

However, no affidavit of service of the instant motion on the non-party "Jonathan Smith d/b/a Shinnecock Smoke Shop" has been filed with the court.  As no proof of service of the instant motion on the non-party exists, it appears that the non-party "Jonathan Smith d/b/a Shinnecock Smoke Shop" received no notice of the instant motion, making the motion appear to have been made ex parte.  Ex parte motions are permitted only when authorized by a statute, federal or local rules or a standing order of the court.  "No *ex parte* order, or order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made."  Local Civil Rule 6.1(d) of this court.  While a notice of motion was filed by the plaintiffs, the absence of an affidavit of service of the motion on the non-party "Jonathan Smith d/b/a Shinnecock Smoke Shop," against whom the motion is directed, makes this motion constructively ex parte, depriving the non-party of due process.  Thus, the plaintiffs' motion is denied on that ground.

      Validity of Service of the Subpoena

The plaintiffs' motion is also denied on the ground that the subpoena at issue is invalid, as it contravenes Rule 45(b)(1), because: (a) it was not served personally on the non-party; and (b) no fees were tendered, as explained below.

The Court finds that "Jonathan Smith d/b/a Shinnecock Smoke Shop" was not served personally, as required by Rule 45(b)(1), because a copy of the subpoena was served on "JACKIE 'SMITH.'"  Proshansky's statement that "Jackie Smith. . . identified herself as the 'manager' of Shinnecock," is not supported by evidence because Exhibit 2 states that the "deponent describes the person who served to the best of deponent's ability at the time and circumstances of service," showing only "Other Information: Manager."  The deponent did not indicate and Exhibit 2 does not

4

show anywhere that "Jackie Smith" identified herself as "the 'manager' of Shinnecock," as claimed by Proshansky.  Moreover, neither the deponent nor Proshansky explained the meaning of placing the last name of the person who was served in quotation marks: JACKIE "SMITH."

Proshansky does not state, in his declaration, that his statements are based on personal knowledge, and he does not identify the source of information he asserts is "true and correct," namely, that "Shinnecock is a sole proprietorship owned by Jonathan Smith and operated by Jonathan Smith and his employees, and located on the Shinnecock Indian reservation in Southampton, New York."  The Court notes that this assertion contains language almost identical to the plaintiffs' allegation at ¶ 31 of the amended complaint (Docket Entry No. 13).  Thus, no evidence is presented to the Court establishing that "Shinnecock is a sole proprietorship owned by Jonathan Smith and operated by Jonathan Smith and his employees, and located on the Shinnecock Indian reservation in Southampton, New York."  Proshansky's declaration does not describe any efforts made by the plaintiffs to ascertain the identity and the nature of the non-party for the purpose of Rule 45's service of subpoena requirements or any efforts to effect service of the subpoena personally on the non-party.  The lack of information describing any diligent efforts to ascertain the identity and the nature of the non-party is compounded by the plaintiffs' repeated mailings to an address, allegedly associated with the non-party, despite the non-party's failure to respond or otherwise communicate with the plaintiffs or the Court.  Absent any evidence identifying whether the non-party "Jonathan Smith" is an individual distinct and separate from "Shinnecock Smoke Shop," an alleged sole proprietorship, alleged to be "owned by Jonathan Smith and operated by Jonathan Smith and his employees," it is not possible for the Court to ascertain what type, if any, of constructive service of process of the Rule 45 subpoena might be satisfactory as an alternative to personal service under Rule 45.

The plaintiffs assert that "Shinnecock failed to respond, object, or otherwise communicate with Plaintiffs regarding the Document Subpoena." This assertion is of concern to the Court, in light of the absence of personal service of the subpoena on the non-party and the lack of proof of service of the instant motion on the non-party at issue here. The Court finds that the plaintiffs' attempt to effect service, constructively, by serving JACKIE "SMITH," described by the deponent as a "manager" of an unidentified person or entity, is not valid with respect to service of the Rule 45 subpoena at issue here, because the attempted service was not "made in a manner that reasonably insures actual receipt of the subpoena by the witness." King, 170 F.R.D. at 356; see Briarpatch Ltd., L.P., 2006 WL 11311967 at *2-3 ("The constructive service methods provided for under procedural law do not include service upon an individual's business manager, and the Court sees no justifiable grounds for extending service in this manner here," because although the "self-proclaimed business manager" keeps the books, write checks and prepares tax returns, those things do "not indicate that he has regular contact sufficient to inform [the non-party] of the proposed subpoena in a timely manner.").

Additionally, no evidence has been presented to the Court that the appropriate fees were tendered, as required by Rule 45(b)(1). The Court finds that the plaintiffs' failure to tender the required fees, at the time they allegedly served the subpoena, invalidates the subpoena at issue here.

**Conclusion**

For the foregoing reasons, the plaintiffs' motion, Docket Entry No. 47, is denied.

Dated: New York, New York
February 23, 2015

SO ORDERED:

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE