# STROOCK

**VIA ECF & FACSIMILE**

May 27, 2015

Michele L. Pahmer
Direct Dial: 212-806-6646
Fax: 212-806-6006
mpahmer@stroock.com

Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square, Courtroom #619
New York, New York 10007

Re: The City of New York v. Federal Express Ground Package System, Inc.,
No. 1:13-cv-09173(ER)

Dear Judge Ramos:

Pursuant to this Court's *Individual Practice* 2.A.ii, I write on behalf of FedEx Ground Package System, Inc. ("FedEx Ground" or "Defendant") in response to Plaintiffs' letter dated May 19, 2015. In that letter, Plaintiffs request a pre-motion conference to seek leave to file a motion to strike various affirmative defenses contained in FedEx Ground's recently filed Answer. For four reasons, FedEx Ground submits that the Court should deny leave to file the contemplated motion to strike at this time.

First, Plaintiffs concede that their motion is "generally disfavored," *United States v. E. River Hous. Corp.*, No. 13 CIV. 8650 ER, 2015 WL 872160, at *8 (S.D.N.Y. Mar. 2, 2015), and that to prevail on their motion, they must satisfy "a stringent three-pronged test" by demonstrating (1) that there is "no question of fact that might allow the defense to succeed," **and** (2) that there is "no substantial question of law that might allow the defense to succeed," **and** (3) that they will be "prejudiced by the inclusion of the defense." *See* DE 79 at 1 (quoting *Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12 CIV. 5105 NRB, 2014 WL 3950897, at *2 (S.D.N.Y. Aug. 13, 2014)). Plaintiffs make no claim at all about (3), the prejudice prong. Thus, regardless of any other considerations, Plaintiffs have failed to address, let alone establish, a basis to permit leave to file the contemplated motion.

Second, the pre-motion conference request letter similarly makes no mention of "question[s] of fact that might allow" each "defense to succeed." This deficiency

likewise provides an independent reason to deny leave to file the motion regardless of any other considerations.

Third, while the letter does suggest Plaintiffs' disagreement with the listed defenses as a matter of law, it presents no case or other citation to authority establishing that there is "no substantial question of law that might allow" each "defense to succeed":

- For some of the defenses, no citation to authority is presented at all.

- For others, citations to statutes, such as New York Executive Law § 63 or the federal PACT Act, are presented, but the citations presented are only segments plucked from statutes whose application as a whole is at issue. Further, for the most part, the plucked statutory segments are presented without any accompanying case law even purporting to resolve all substantial questions of law potentially raised by the pleaded defenses; rather, Plaintiffs simply assert their interpretation of the law.

- For still other defenses, a few cases are cited—thirteen substantive cases in total—but none of the cited cases come close to establishing that there is no unresolved and substantial question of law at issue whatsoever with respect to each defense in this case.

Thus, even if Plaintiffs' letter had addressed prejudice and the requirement that there be no facts under which each defense could proceed—which it does not—it still fails to state an adequate ground to permit leave to file the contemplated motion.[1]

Fourth, the request to address FedEx's affirmative defenses through the mechanism of a motion to strike is premature because even any questions of law that might be at issue are best determined later in this case rather than through the contemplated, "disfavored" motion. See 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1381 (3d ed.) ("[E]ven when the defense seems to present a purely legal question, federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial."); cf. id. ("Despite . . .

---

[1] Regarding the Seventh Defense, in particular, FedEx Ground also notes that the City itself has repeatedly referenced the settlement agreement at issue, not only in the Amended Complaint to which the Answer responds, but also in other filings before this Court, and has taken written discovery regarding the agreement.

well-established limitations on the procedure, Rule 12(f) motions challenging valid defenses unfortunately are common and continue unnecessarily to occupy the attention of the courts.").

As noted above, Plaintiffs' proposed motion is procedurally improper, since the request to file it fails to address two of the material requirements for a motion to strike affirmative defenses and addresses the third inadequately. The motion is also unnecessary, since the issues can be better addressed along with dispositive motions that are likely to be filed later in the case. Should the Court grant leave for Plaintiffs to file their motion, Defendant will, of course, address each of the challenged defenses in accordance with the applicable standard. Defendant respectfully submits, however, that the Court should deny leave to file the contemplated motion to strike at this time.[2]

Very truly yours,

Michele L. Pahmer

cc: Counsel of Record

---

[2] FedEx Ground's deadline to amend its Answer as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(A) has not even run. Due to the pendency of the pre-motion conference addressing alleged issues with respect to FedEx Ground's current Answer, FedEx Ground respectfully requests that its deadline to amend as of right be extended from its current deadline of June 2, 2015.