USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC.# _____
DATE FILED: __4|15|2016__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK and THE PEOPLE OF
THE STATE OF NEW YORK,

                              Plaintiffs,

            - against -

FEDEX GROUND PACKAGE SYSTEM, INC.,

                              Defendant.

**OPINION AND ORDER**

13 Civ. 9173 (ER)

14 Civ. 8985 (ER)

Ramos, D.J.:

In these actions, the City of New York ("City") and the State of New York ("State," and collectively, "Plaintiffs") allege that FedEx Ground Package System, Inc. ("FedEx") knowingly delivered, on behalf of several cigarette sellers ("Cigarette Sellers"), unstamped cigarettes throughout the country, including New York City and State, between 2005 and the present. Pending before the Court is Plaintiffs' motion to consolidate the two actions, 13 Civ. 9173 (ER) ("*FedEx I*") and 14 Civ. 8985 (ER) ("*FedEx II*"). (*FedEx I*, Doc. 163; *FedEx II*, Doc. 62). For the reasons that follow, the motion is GRANTED.

## I. BACKGROUND[1]

On December 30, 2013, the City first filed its Complaint against FedEx, alleging that the package delivery company violated state and federal law by knowingly shipping thousands of cartons of unstamped cigarettes to residential customers on behalf of Shinnecock Smoke Shop, a Cigarette Seller located on the Shinnecock Indian Reservation in Southampton, New York.

---

[1] The facts of this case are discussed extensively in this Court's March 9, 2015 Opinion and Order (*FedEx I*, 91 F. Supp. 3d 512 (S.D.N.Y. 2015)) and March 31, 2016 Opinions and Orders (*FedEx I*, 2016 WL 1301180 (S.D.N.Y. Mar. 31, 2016); and *FedEx II*, 2016 WL 1322454 (S.D.N.Y. Mar. 31, 2016)), familiarity with which is presumed.

Complaint ("Compl.") (*FedEx I*, Doc. 1) ¶ 3.  On March 30, 2014, the City amended its

Complaint to add the State as a plaintiff, allegations related to three other Cigarette Sellers,[2] and

a cause of action for violation of the Assurance of Compliance ("AOC") that FedEx entered into

with the New York State Attorney General in 2006.  Amended Complaint ("Am. Compl.")

(*FedEx I*, Doc. 13).

Plaintiffs allege that in the course of discovery in *FedEx I*, they learned the identities of

additional Cigarette Sellers for whom Plaintiffs believe FedEx knowingly made illegal cigarette

deliveries.  Memorandum of Law of Plaintiffs (*FedEx I*, Doc. 165) at 2.  Plaintiffs attempted to

obtain discovery related to these entities, but their efforts stalled in October 2014, when

Magistrate Judge Fox issued a ruling limiting the scope of discovery to only the four Cigarette

Sellers named in the Amended Complaint.  *Id.*  Rather than seek leave to amend their Complaint

a second time, on November 12, 2014, Plaintiffs instituted a new action and filed a separate

Complaint against FedEx.  Compl. (*FedEx II*, Doc. 1).  Plaintiffs make substantially similar

allegations in *FedEx II* as they make in *FedEx I*.  *Compare* Am. Compl. (*FedEx I*, Doc. 13), *with*

Second Am. Compl. (*FedEx II*, Doc. 74).  In *FedEx II*, however, Plaintiffs seek relief for illegal

cigarette deliveries FedEx made for six Cigarette Sellers not previously identified in *FedEx I*.[3]

---

[2] The three other Cigarette Sellers named in the *FedEx I* Amended Complaint are Native Made Tobacco (Palm Springs, California), FOW Enterprises, Inc. (Elizabethtown, Kentucky), and Cigarettes Direct To You (Louisville, Kentucky).  Am. Compl. (*FedEx I*, Doc. 13) ¶ 3.

[3] Plaintiffs initially sought relief in *FedEx II* for deliveries FedEx made for all Cigarette Sellers, "known and unknown," other than the four Cigarette Sellers specifically identified in *FedEx I*.  Compl. (*FedEx II*, Doc. 1) ¶ 16. On May 8, 2015, Plaintiffs amended the *FedEx II* Complaint and specifically named twenty-one such Cigarette Sellers.  Am. Compl. (*FedEx II*, Doc. 23) ¶ 63.  Plaintiffs have since agreed to pursue their claims in *FedEx II* with respect to only six:  Your Kentucky Tobacco Resource LLC (Russell, KY), Discount Tobacco Outlet (Myrtle Beach, SC), Kee Missouri DC (Neosho, MO), Lakeside Enterprises (Seneca Falls, NY), Shinnecock Indian Outpost (Southampton, NY), and Two Pines Enterprises (Basom, NY).  (*FedEx II*, Doc. 65).

As of this date, the parties are in the process of discovery, which is due to be completed by October 20, 2016 in *FedEx I* (*FedEx I*, Doc. 161) and by April 28, 2017 in *FedEx II* (*FedEx II*, Doc. 55). Also pending are FedEx's objections to Magistrate Judge Fox's August 13, 2015 Order, filed on August 27, 2015 (*FedEx I*, Doc. 110); the City's objections to Magistrate Judge Fox's November 17, 2015 Order, filed on December 4, 2015 (*FedEx I*, Doc. 143); FedEx's objections to Magistrate Judge Fox's January 15, 2016 Order, filed on March 24, 2016 (*FedEx I*, Doc. 175); the City's cross-motion to dismiss FedEx's seventh defense, filed on April 11, 2016 (*FedEx I*, Doc. 177); and FedEx's motion for reconsideration seeking partial reinstatement of its sixth defense, filed on April 14, 2016 (*FedEx I*, Doc. 181).

Plaintiffs filed the instant motion on January 29, 2016. (*FedEx I*, Doc. 163; *FedEx II*, Doc. 62). FedEx does not oppose the request.[4]

## II. LEGAL STANDARD

"Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "The trial court has broad discretion to determine whether consolidation is appropriate." *Id.* at 1284–85. "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

---

[4] FedEx withdrew its opposition to Plaintiffs' motion for consolidation on April 13, 2016. (*FedEx I*, Doc. 180).

## III. DISCUSSION

These actions share sufficiently common questions of law and fact to warrant consolidation. The two cases concern the same plaintiffs, same defendant, and near-identical allegations. In both, Plaintiffs seek the same form of relief for the same pattern of conduct on the part of FedEx. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007), *reconsidered on other grounds sub nom. In re IMAX Sec. Litig.*, No. 06 Civ. 6128 (NRB), 2009 WL 1905033 (S.D.N.Y. June 29, 2009). Both cases also involve common legal questions, as both are premised on FedEx's alleged violations of the Contraband Cigarette Trafficking Act, 18 U.S.C. § 2341 *et seq.* ("CCTA"); the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"); New York Public Health Law § 1399-*ll* ("N.Y. PHL § 1399-*ll*"); and the AOC.[5]

Given the considerable overlap between the two cases, consolidation will prevent needless duplication, thus avoiding inefficiency, a waste of judicial resources, and possible confusion, as well as potentially inconsistent jury verdicts. *Crowe v. JPMorgan Chase & Co.*, Nos. 09 Civ. 778 (RWS), 08 MDL 1963 (RWS), 2009 WL 3852381, at *2 (S.D.N.Y. Nov. 18, 2009). The cases do present some distinct issues, by virtue of the fact that certain of Plaintiffs' claims require proof specific to each of the Cigarette Sellers. However, these differences neither change the substantially similar nature of the two actions nor mitigate the benefits of

---

[5] Plaintiffs' legal claims in the two actions are not identical. Although this Court dismissed Plaintiffs' claims under N.Y. PHL § 1399-*ll* in both *FedEx I* and *FedEx II*, Plaintiffs were granted leave to replead the cause of action in *FedEx II*, and they did so on April 14, 2016. *FedEx II*, 2016 WL 1322454, at *9 (S.D.N.Y. Mar. 31, 2016); Second Am. Compl. (*FedEx II*, Doc. 74) ¶¶ 101–108, 135. This difference has no meaningful impact on the case's scope upon consolidation, however, as Plaintiffs allege in both actions that FedEx violated the AOC by violating N.Y. PHL § 1399-*ll*. Am. Compl. (*FedEx I*, Doc. 13) ¶¶ 130–133, 172–174; Second Am. Compl. (*FedEx II*, Doc. 74) ¶¶ 109–112, 140–142.

4

consolidation. *See Villella v. Chem. & Mining Co. of Chile*, Nos. 15 Civ. 2106 (ER), 15 Civ. 2884 (ER), 2015 U.S. Dist. LEXIS 140578, at *14–15 (S.D.N.Y. Oct. 14, 2015).

There is also little to no risk of prejudice to the parties from consolidating these actions. FedEx does not oppose the request. *See id.* at *14. And because discovery is still underway in both cases, the Court can easily put the two on the same procedural track. *DeRogatis v. Bd. of Trs. of the Cent. Pension Fund of the Int'l Union of Operating Eng'rs*, No. 13 Civ. 8788 (CM), 2015 WL 936114, at *2-3 (S.D.N.Y. Mar. 3, 2015).

## IV. CONCLUSION

For the aforementioned reasons, Plaintiffs' motion to consolidate is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion (*FedEx I*, Doc. 163; *FedEx II*, Doc. 62). All future filings in this case shall be filed in *FedEx I* and bear the same caption as that case number. The Clerk of the Court is respectfully directed to close *FedEx II*.

It is SO ORDERED.

Dated:    April 15, 2016
          New York, New York

                                        Edgardo Ramos, U.S.D.J.

5