UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE CITY OF NEW YORK and THE PEOPLE OF
THE STATE OF NEW YORK,

                    Plaintiffs,

        - against -

FEDEX GROUND PACKAGE SYSTEM, INC.,

                    Defendant.

**OPINION AND ORDER**

13 Civ. 9173 (ER)

---

Ramos, D.J.:

        FedEx Ground Package System, Inc. ("FedEx") objects to the order issued by Magistrate

Judge Kevin Nathaniel Fox on August 13, 2015 (the "August 13 Order") resolving motions by

the City of New York ("City") and the State of New York ("State," and collectively, "Plaintiffs")

for a protective order limiting the scope of FedEx's 30(b)(6) depositions of each Plaintiff.  Doc.

110.  The City objects to the order issued by Magistrate Judge Fox on November 17, 2015 ("the

November 17 Order") requiring the City to produce a privilege log for responsive

communications exchanged among the City's litigation counsel prior to the commencement of

this action.  Doc. 143.

        For the reasons discussed below, FedEx's objections to the August 13 Order are

SUSTAINED in part and the August 13 Order is set aside.  Plaintiffs' motions for a protective

order are GRANTED in part and DENIED in part.  The City's objections to the November 17

Order are OVERRULED and the November 17 Order is AFFIRMED.

# I. BACKGROUND[1]

## A. The August 13 Order

In May and June 2015, FedEx served on the City and the State amended notices of depositions pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Doc. 95, Ex. 1 (the "City's Notice"); Doc. 87, Ex. A (the "State's Notice"). The parties met and conferred regarding a number of topics Plaintiffs found objectionable (the "Disputed Topics"), but they were unable to come to a resolution. Defendant's Objections to Magistrate Judge's Ruling ("FedEx's Objs.") (Doc. 110) at 2-3; Letter from the State Requesting Pre-Motion Conference ("State's Letter Brief") (Doc. 87) at 1; Letter from the City Requesting Pre-Motion Conference ("City's Letter Brief") (Doc. 95) at 1. Plaintiffs thereafter requested a pre-motion conference regarding their proposed motions for a protective order limiting the scope of the topics in the Rule 30(b)(6) deposition notices. State's Letter Brief at 1; City's Letter Brief at 1. FedEx did not file a submission in response. On July 13 and 21, 2015, this Court referred the case to Magistrate Judge Fox for the purpose of resolving Plaintiffs' motions. Docs. 88 and 96.[2] On August 11, 2015, Magistrate Judge Fox scheduled a telephonic conference for August 13, 2015. Doc. 99. At the telephonic conference, Magistrate Judge Fox issued his rulings on the Disputed Topics, sustaining most of Plaintiffs' objections. Transcript of August 13, 2015 Telephonic Conference ("Aug. 13, 2015 Tr.") (Doc. 106) at 5:6–9:6.

At the time this Court referred the instant discovery dispute to Magistrate Judge Fox, Plaintiffs' motion to dismiss twelve of FedEx's affirmative defenses was still pending. Doc. 89.

---

[1] This Opinion discusses only those facts necessary to decide the instant motions. Familiarity with the underlying facts and procedural history of this matter is otherwise presumed.

[2] On July 29, 2015, this Court referred the case to Magistrate Judge Fox for all discovery and non-dispositive pretrial matters. Doc. 98.

Magistrate Judge Fox stated at the telephonic conference that he considered the timing of the referral to be a signal from this Court that he should resolve the dispute so the parties could move forward with discovery, rather than have the issues await the resolution of that motion.  Aug. 13, 2015 Tr. at 4:2–20.  The parties did not present arguments at the telephonic conference.[3]  Rather, Magistrate Judge Fox noted that he had reviewed the parties' submissions and then proceeded to issue rulings on each of the Disputed Topics.  *Id.* at 5:1–9:6.

After Magistrate Judge Fox issued his rulings, FedEx requested an opportunity to submit a letter to the Court with additional briefing.  *Id.* at 13:24–14:11.  FedEx stated that it did not think it needed to submit a response to Plaintiffs' letters and did not expect Magistrate Judge Fox to issue rulings on Plaintiffs' objections at the telephonic conference.  *Id.*  Magistrate Judge Fox denied the request, explaining that he waited a reasonable amount of time after Plaintiffs submitted their letters before setting a conference and that FedEx "elected not to write anything" during that time.  *Id.* at 14:12–25.

FedEx filed its objections to the August 13 Order on August 27, 2015.  FedEx's Objs. (Doc. 110).  Plaintiffs filed their response on September 24, 2015.  Memorandum of Law of Plaintiffs in Opposition to Objections to Magistrate Judge's Rulings ("Pls.' Opp'n") (Doc. 125). FedEx replied on October 8, 2015.  Reply Memorandum of Law in Further Support of Defendant's Objections to Magistrate Judge's Rulings ("FedEx's Reply") (Doc. 128).

**B. The November 17 Order**

During the course of discovery in this action, FedEx served on the City certain document requests that called for emails of the City's litigation counsel in this action (the "Law

---

[3] The parties did discuss the scope of a term in the deposition notices, but only after Magistrate Judge Fox issued his rulings on the Disputed Topics.  Aug. 13, 2015 Tr. at 9:19–13:23, 15:1–16.

Department"). The City's Objections to the Magistrate Judge's November 17, 2015 Order ("City's Objs.") (Doc. 143) at 1. In response to the request, the City produced emails between the Law Department and certain third parties and provided privilege and redaction logs for withheld documents of that type. *Id.* at 1–2. The City advised FedEx that it would neither produce nor provide a privilege log for approximately 8,000 internal emails and attachments exchanged among Law Department counsel alone, however, since such documents were presumptively privileged under the work product doctrine and the City would be unduly burdened by having to review and log each of those documents. *Id.* at 2.

On August 12, 2015, FedEx filed a letter requesting a pre-motion conference regarding several alleged deficiencies with respect to the City's privilege claims, including the City's refusal to provide a privilege log as to the Law Department's emails. Doc. 100. The City responded by letter on August 20, 2015, Doc. 108, and FedEx replied on August 31, 2015, Doc. 114.

On November 17, 2015, Magistrate Judge Fox held a telephonic conference to address the various privilege-related issues. *See* Transcript of November 17, 2015 Telephonic Conference ("Nov. 17, 2015 Tr.") (Doc. 136). After hearing arguments from both sides, Magistrate Judge Fox ordered the City, among other things, to provide FedEx with a privilege log as to the responsive internal Law Department emails. *Id.* at 22:18–21. Magistrate Judge Fox made clear that the City need not log every document in detail, however. Rather, Judge Fox explained that the City could identify the documents by categories, so long as the log would provide FedEx with enough information to be able to assert a challenge to the City's privilege claims. *Id.* at 19:5–11, 20:10–14, 21:22–25, 22:18–21, 36:3–8.

The City filed its objections to the November 17 Order on December 4, 2015. City's

Objs. (Doc. 143). FedEx filed its response on December 21, 2015. FedEx's Response to the

City's Objections to Magistrate Judge's Ruling of November 17 ("FedEx's Opp'n") (Doc. 149).

The City replied on December 30, 2015. The City's Reply in Support of Its Objections to the

Magistrate Judge's November 17, 2015 Order ("City's Reply") (Doc. 152).

## II. OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS

### A. Legal Standard

The applicable standard of review of a magistrate judge's decision turns on whether the

issue is dispositive or nondispositive. *See Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 Civ.

3749 (KMW) (DCF), 2009 WL 3467756, at *3 (S.D.N.Y. Oct. 28, 2009). Pretrial discovery

motions are considered nondispositive and are reviewed for clear error. *Thomas E. Hoar, Inc. v.*

*Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *Gruss v. Zwirn*, No. 09 Civ. 6441 (PGG)

(MHD), 2013 WL 3481350, at *5 (S.D.N.Y. July 10, 2013); Fed. R. Civ. P. 72(a); 28 U.S.C.

§ 636(b)(1)(A).

"A ruling is clearly erroneous where, although there is evidence to support it, the

reviewing court . . . is left with the definite and firm conviction that a mistake has been

committed." *Gruss*, 2013 WL 3481350, at *5 (internal quotations omitted). "An order is

contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of

procedure." *Id.* This is a highly deferential standard, and "[t]he party seeking to overturn a

magistrate judge's decision thus carries a heavy burden." *U2 Home Entm't, Inc. v. Hong Wei*

*Int'l Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007);

*see also Gruss*, 2013 WL 3481350, at *5 ("Magistrate judges are given broad latitude in

resolving discovery disputes . . . .").

**B. FedEx's Objections to the August 13 Order**

FedEx objects to the August 13 Order on two distinct procedural grounds. First, FedEx argues that the August 13 Order contradicts S.D.N.Y. Local Civil Rule 37.2, which supplies the process for pre-motion conferences in discovery disputes like the one at bar. FedEx's Objs. at 4–7. Second, FedEx argues that Magistrate Judge Fox did not state any rationale for his rulings in Plaintiffs' favor, and thus such rulings failed to apply relevant statutes, case law, or rules of procedure, contrary to law. *Id.* at 7–8. For the reasons set forth below, the Court finds that FedEx was improperly denied an opportunity to be heard on Plaintiffs' motions, and FedEx's first procedural objection to the August 13 Order is accordingly sustained. Because the August 13 Order is hereby set aside, this Court deems it unnecessary to rule on FedEx's second procedural objection.[4]

Local Civil Rule 37.2, which has been adopted by both this Court and Magistrate Judge Fox,[5] provides:

> No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference.

FedEx argues that Plaintiffs only submitted letters requesting the informal conference contemplated by Rule 37.2, and, thus, Magistrate Judge Fox improperly granted relief that had not yet been requested. FedEx's Objs. at 6. FedEx also argues that nothing in Rule 37.2 allows

---

[4] This Court also deems it unnecessary to rule on FedEx's substantive objections to the August 13 Order, although the Court has considered those objections in the context of ruling on Plaintiffs' motions for a protective order.

[5] *See* Individual Practices of Judge Edgardo Ramos 2(A)(i); Individual Rules of Practice of Judge Kevin Nathaniel Fox 2(A).

the Court to issue a ruling on a contested discovery issue in lieu of holding the informal

conference. *Id.* at 7. By circumventing the process outlined by Rule 37.2, FedEx claims,

Magistrate Judge Fox improperly deprived it of notice and an opportunity to be heard on

Plaintiffs' motions. *Id.* at 5–6.

Contrary to FedEx's assertions, courts in this district often issue discovery-related rulings

at informal conferences. *See Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*,

No. 12 Civ. 2827 (NRB), 2014 U.S. Dist. LEXIS 167821, at *7 (S.D.N.Y. Nov. 21, 2014)

("Local Rule 37.2 explicitly permits a judge to rule on the merits of a discovery dispute at a pre-

motion conference."); *see also Dubai Islamic Bank v. Citibank, N.A.*, 211 F. Supp. 2d 447, 449

(S.D.N.Y. 2001) (issuing a protective order following a telephonic conference with the parties).

Courts also occasionally treat pre-motion letters as motion papers and rule on the merits without

holding a pre-motion conference. *Best Payphones, Inc. v. Manhattan Telecomms. Corp.*, 450 F.

App'x 8, 15 (2d Cir. 2011); *Highland CDO*, 2014 U.S. Dist. LEXIS 167821, at *7–8. In all such

cases, however, the Court only issued a ruling on the merits after the parties had been given an

opportunity to be heard on the substantive issues. *See Best Payphones*, 450 F. App'x at 15 (both

sides submitted pre-motion letters consisting of several pages); *Highland CDO*, 2014 U.S. Dist.

LEXIS 167821, at *7–8 (both sides submitted pre-motion letters that "adequately present[ed] the

parties' views of a straightforward request"); *Dubai Islamic Bank*, 211 F. Supp. 2d at 449 (both

parties submitted letter briefs and presented oral arguments).

Here, by contrast, Magistrate Judge Fox did not have the benefit of FedEx's position

before ruling on the merits of Plaintiffs' motions for a protective order. Instead, Judge Fox

erroneously implied that FedEx had waived its right to be heard by not responding to Plaintiffs'

pre-motion letters[6] and ruled on the basis of Plaintiffs' submissions alone.  Aug. 13, 2015 Tr. at

14:12–25.  In light of these facts, the August 13 Order is hereby set aside.  Fed. R. Civ. P. 72(a).

As all parties have now been able to brief the issues, this Court will review the merits of

Plaintiffs' motions *de novo*.

### C. The City's Objections to the November 17 Order

The City objects to the November 17 Order on the ground that the order contradicts

precedent of this Court recognizing the "presumptively privileged nature of internal law-office

communications," and "the undue burden of logging such communications."  City's Objs. at 3.

The City cites no authority, however, supporting its contention that emails exchanged among

outside counsel are presumptively exempt from logging.  On the contrary, Magistrate Judge

Fox's ruling requiring the City to produce a categorical privilege log is consistent with the rules

and case law applicable in this district—including the cases to which the City itself cites.  The

November 17 Order is accordingly affirmed.

Federal Rule of Civil Procedure 26(b)(5) requires a party asserting a claim of privilege

to "describe the nature of the documents, communications, or tangible things not produced or

disclosed—and do so in a manner that, without revealing information itself privileged or

protected, will enable other parties to assess the claim."  Local Civil Rule 26.2 similarly requires

a party asserting privilege to disclose detailed information for each withheld document unless

otherwise directed by the Court.  In ordering the City to provide FedEx with a privilege log for

---

[6] While it may have been imprudent for FedEx to let Plaintiffs' letters go unanswered, FedEx was surely not on notice that by choosing not to respond it would be waiving its right to be heard on the matter.  Nothing in Local Civil Rule 37.2 requires the non-moving party to respond to a letter requesting a pre-motion conference.  *Cf.* Individual Practices of Judge Edgardo Ramos 2(A)(ii) (requiring a written response to a pre-motion letter for matters not governed by Local Civil Rule 37.2).  Moreover, the Court did not direct FedEx to respond to Plaintiffs' letters, as it has done on similar occasions.  *E.g.*, Doc. 80 (directing FedEx to submit a written response to Plaintiffs' letter requesting a pre-motion conference on their motion to strike twelve affirmative defenses).

documents withheld on the basis of privilege, Magistrate Judge Fox acted squarely within the bounds of these procedural rules. *See* Nov. 17, 2015 Tr. at 22:13–14 ("[Y]ou have to give your adversary enough information so that a challenge can be made.").

The City argues that the November 17 Order was contrary to law, because Magistrate Judge Fox did not issue a protective order to protect the City from undue burden, in violation of Federal Rule of Civil Procedure 26(c). City's Objs. at 12 n.5. But Rule 26(c) does not compel the Court to act—it merely provides that the Court "*may*, for good cause," issue such a protective order. Fed. R. Civ. P. 26(c) (emphasis added). Moreover, Magistrate Judge Fox did consider the burden the City would face, and his ruling limited the City's obligation accordingly. Rather than require the City to produce a detailed privilege log as to each of the withheld documents, Judge Fox explained that the City could identify the documents by categories. Nov. 17, 2015 Tr. at 19:5–11, 20:10–14, 21:22–25, 22:18–21, 36:3–8.[7]

The City has cited no authority for its assertion that Magistrate Judge Fox erred in requiring it to produce a privilege log. In fact, the cases relied upon by the City support affirmance here. In *ABC v. Aereo, Inc.*, the Court considered a similar request for privilege logs of certain responsive communications among a party's outside counsel. No. 12 Civ. 1540 (AJN), 2013 U.S. Dist. LEXIS 5316, at *7–10 (S.D.N.Y. Jan. 11, 2013). The Court ordered the production of privilege logs, noting that "the submission of 'categorical' privilege logs"—like those ordered by Magistrate Judge Fox here—"could mitigate the burden of [the discovery] request." *Id.* at *8–9. In *SEC v. Thrasher*, the Court similarly ordered a party to provide

---

[7] While the City asserts that a categorical privilege log is no less burdensome than a detailed one, City's Objs. at 12, Courts in this district routinely prescribe such a solution to alleviate the burden a detailed privilege log would otherwise impose. *E.g.*, *ABC v. Aereo, Inc.*, No. 12 Civ. 1540 (AJN), 2013 U.S. Dist. LEXIS 5316, at *8–9 (S.D.N.Y. Jan. 11, 2013); *SEC v. Thrasher*, No. 92 Civ. 6987 (JFK), 1996 U.S. Dist. LEXIS 3327, at *2–3 (S.D.N.Y. Mar. 20, 1996).

additional categorical information regarding its privilege claims.  No. 92 Civ. 6987 (JFK), 1996

U.S. Dist. LEXIS 3327, at *4–5 (S.D.N.Y. Mar. 20, 1996); *see also SEC v. Nacchio*, No. 05 Civ.

480 (MSK) (CBS), 2007 U.S. Dist. LEXIS 5435, at *32 (D. Colo. Jan. 25, 2007) (same).  The

City cites only one case where the privilege-asserting party was not required to produce a log.

*See* City's Objs. at 11 (citing *Catch Curve, Inc. v. Integrated Global Concepts, Inc.*, No. 06 Civ.

2199 (AT) (N.D. Ga. Jan. 17, 2014)).  In that case, however, the Court held that a privilege log

would not be reasonably calculated to lead to the discovery of admissible evidence, since the

underlying documents were not relevant to the parties' claims.  Here, the City concedes the

underlying documents contain search terms the City itself agreed to use in discovery.  *See*

FedEx's Opp'n at 1–2 n.2; City's Reply at 6 n.8.

The City has failed to meet its heavy burden of showing that Magistrate Judge Fox

clearly erred in requiring it to produce a categorical privilege log.  The November 17 Order is

accordingly affirmed.

## III. PLAINTIFFS' MOTIONS FOR A PROTECTIVE ORDER

### A. Legal Standard

A Rule 30(b)(6) deposition notice, like other forms of discovery, is subject to the

limitations under Rule 26 of the Federal Rules of Civil Procedure.  *Dealer Computer Servs. v.

Curry*, No. 12 Civ. 3457 (JMF) (JLC), 2013 U.S. Dist. LEXIS 18315, at *3–4 (S.D.N.Y. Feb. 7,

2013).  Rule 26(b)(1) provides, in part, that "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case."  Although "[t]he discovery rules are to be given a broad and liberal

construction, . . . they do not permit discovery of matters that are neither relevant to issues in the

case nor calculated to lead to relevant and admissible evidence."  *Estee Lauder, Inc. v.*

*Fragrance Counter, Inc.*, 189 F.R.D. 269, 274 (S.D.N.Y. 1999). "The burden of demonstrating relevance is on the party seeking discovery." *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 102 (S.D.N.Y. 2013).

Rule 26(c)(1) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "This rule 'confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *U.S. Commodity Futures Trading Comm'n v. Parnon Energy, Inc.*, 593 F. App'x 32, 36 (2d Cir. 2014) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). "Rule 26(c) allows for the crafting of appropriate relief, including that the disclosure or discovery may be had only on specified terms and conditions." *Ambac Assurance Corp. v. Adelanto Pub. Util. Auth.*, No. 09 Civ. 5087 (JFK), 2012 U.S. Dist. LEXIS 64086, at *8 (S.D.N.Y. May 7, 2012) (internal quotations omitted).

"The party seeking a protective order bears the burden of establishing that good cause for the order exists." *Id.* at *13. It must demonstrate a "particular need for protection," showing "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* at *13–14.

## B. Discussion

Plaintiffs objected to the Disputed Topics on various grounds, primarily that FedEx's requests were not relevant to any claims asserted in the Amended Complaint, that they covered subject areas that could be made irrelevant by Plaintiffs' motion to strike several of FedEx's affirmative defenses, and that they were so overbroad as to make witness preparation both unduly burdensome and infeasible. State's Letter Brief at 1–3; City's Letter Brief at 1. This

Court has carefully considered the parties' submissions and arguments with respect to each of the Disputed Topics. Before detailing the Court's rulings, three general comments are warranted.

*First*, after the parties completed briefing on these issues, this Court ruled on Plaintiffs' motion to strike, granting the motion with respect to certain of FedEx's affirmative defenses and denying it with respect to others. *City of New York v. FedEx Ground Package System, Inc.*, No. 13 Civ. 9173 (ER), 2016 WL 1301180 (S.D.N.Y. Mar. 31, 2016). That decision is directly relevant here. Where the Court struck an affirmative defense, and where a Disputed Topic would only be relevant to that affirmative defense, then that discovery will not be allowed. *Ambac Assurance Corp.*, 2012 U.S. Dist. LEXIS 64086, at *8–9. On the other hand, the Court will not preclude discovery that is relevant to a defense that was not struck.

This principle is most applicable to the Disputed Topics related to Plaintiffs' own conduct. For example, in striking FedEx's sixth and seventeenth defenses, this Court ruled that it cannot "interfere with or penalize Plaintiffs for their decisions about how and from whom to collect taxes." 2016 WL 1301180, at *6.[8] This Court has accordingly limited the scope of FedEx's requests pertaining to Plaintiffs' enforcement authority. Plaintiffs' own conduct is not entirely off-limits, however, as the Court did not strike FedEx's equitable defenses as to all of Plaintiffs' claims. *Id.* at *6–8 (denying in part Plaintiffs' motion to strike FedEx's fourth, fifth, fifteenth, and eighteenth defenses).[9] Moreover, the State's own conduct may be relevant to

---

[8] FedEx's sixth affirmative defense seeks to reduce Plaintiffs' damages by the amount of taxes Plaintiffs' collected or should have collected from others. Amended Answer ("Am. Answer") (Doc. 101) at 21. Similarly, FedEx's seventeenth affirmative defense seeks to bar Plaintiffs' claims based on their failure to collect taxes from others. *Id.* at 27. FedEx moved for reconsideration of this Court's order striking its sixth affirmative defense, requesting that the Court reinstate the defense to the extent that it addresses taxes Plaintiffs have actually collected for the cigarettes at issue in this action. Doc. 182. The motion is currently pending.

[9] FedEx's fourth and fifteenth affirmative defenses invoke a number of common-law equitable doctrines, including waiver, estoppel, laches, unclean hands, and *in pari delicto*. Am. Answer at 21, 26. This Court struck the defenses as to Plaintiffs' CCTA claim, but not as to their AOC or RICO claims. 2016 WL 1301180, at *6.

certain of FedEx's AOC-related defenses that this Court did not strike. *Id.* at *12–13 (denying in part Plaintiffs' motion to strike FedEx's twelfth and thirteenth defenses).[10]  In considering the relevance and scope of each of the Disputed Topics, this Court is guided by its prior ruling on Plaintiffs' motion to strike and mindful of its caution that FedEx will not be permitted "wide-ranging discovery on whether Plaintiffs have historically been negligent in their discretionary collection of taxes and enforcement of tax laws." *Id.* at *8.

*Second*, the parties vigorously dispute whether information related to the non-tobacco aspects of the Shippers' businesses has any bearing on the claims and defenses in this action. Plaintiffs assert that "any inquiry into the State's tracking, identifying, auditing, or monitoring of non-tobacco activities is completely irrelevant," since "this case deals *only* with defendant's shipments of stamped and unstamped tobacco products in and into New York." State's Letter Brief at 2–3.  But Plaintiffs themselves acknowledge that they will be asking the finder of fact to infer, "based on the totality of evidence about each shipper," that the packages at issue in this action contained the purportedly illegal cigarettes. Pls.' Opp'n at 7.  Plaintiffs cannot have it both ways.  They cannot ask the finder of fact to draw inferences about the packages at issue, yet prevent the finder of fact from drawing any inferences other than those that support their claims.

---

FedEx's fifth affirmative defense is premised on Plaintiffs' failure to mitigate their damages. Am. Answer at 21. This Court struck the defense as to Plaintiffs' CCTA and AOC claims, but not as to their RICO claims. 2016 WL 1301180, at *6–7.

FedEx's eighteenth affirmative defense asserts some contributory or comparative negligence on the part of Plaintiffs. Am. Answer at 27.  This Court struck the defense as to Plaintiffs' CCTA and AOC claims, but not as to their RICO claims. 2016 WL 1301180, at *7–8.

[10] FedEx's twelfth affirmative defense challenges the enforceability of the AOC on theories that the New York State Attorney General ("NYAG") did not provide any consideration and made misrepresentations about the scope of its authority under N.Y. PHL § 1399-*ll* and N.Y. Exec. Law § 63. Am. Answer at 22–26. This Court permitted the defense to go forward with respect to any misrepresentations NYAG made as to its authority to obtain civil penalties under N.Y. PHL § 1399-*ll*. 2016 WL 1301180, at *12–13.

FedEx's thirteenth affirmative defense is based on Plaintiffs' breach or non-performance of the AOC, including a breach of any implied covenant, such as good faith and fair dealing. Am. Answer at 26. This Court denied Plaintiffs' motion to strike the defense. 2016 WL 1301180, at *13.

*See* FedEx's Reply at 1 ("Plaintiffs' claims are actually based on shipping records that show package shipper and recipient names and addresses, as well as shipping charges and weights, but not the contents of the shipments. [FedEx] is certainly entitled to discover all available information that might bear on inferences drawn about package contents using such records.") (citation omitted).  Accordingly, the Court has denied Plaintiffs' motions with respect to information that is relevant to the inferences Plaintiffs themselves will be asking the finder of fact to draw.[11]

*Third*, certain of that information may pertain to those in the distribution chain apart from FedEx and the shippers identified in the Amended Complaint.  To that end, many of the Disputed Topics incorporate the term, "Shipper-Related Persons," which FedEx defines to include "not only the Shippers [identified in the Amended Complaint] but also any Indian tribes, Indians, or Indian country related to them; their customers; any consumers or resellers of their tobacco; and their suppliers of goods or services, or participants in their supply chain, including, but not limited to, any tobacco manufacturers, wholesalers, distributors, or stamping agents."  State's Notice at 3–4; City's Notice at 3–4.  The Court agrees with Plaintiffs that FedEx's term as defined is so overbroad as to be unduly burdensome to Plaintiffs.  *See* State's Letter Brief at 3. Even FedEx has conceded that the term is meant to capture a narrower group than the definition would otherwise suggest.  FedEx's Reply at 3 n.3.  The Court nonetheless recognizes that information about others in the distribution chain could assist the finder of fact in drawing

---

[11] The Court finds it unnecessary to address at this time FedEx's contention that "there are situations under New York Law where it would be *illegal* to *stamp* the cigarettes—and thus such cigarettes therefore cannot possibly form the basis of a CCTA violation."  FedEx's Objs. at 12; *see also* Pls.' Opp'n at 10–13 ("The only circumstance in which an unstamped cigarette found in the State would not violate the CCTA is in a sale to the federal or State government.").  Any information Plaintiffs possess regarding the shipments at issue could assist the finder of fact in drawing inferences about what those shipments contained, regardless of whether that information points to the cigarettes being stamped or unstamped—legally or illegally.

inferences about what the shipments at issue contained.  In ruling on Disputed Topics that incorporate the term, "Shipper-Related Persons," the Court assumes the term is narrower than the definition supplied by FedEx.  But because it appears the parties have agreed to meet and confer regarding the scope of this term, *see* FedEx's Objs. at 11–12 n.10; Pls.' Opp'n at 5; FedEx's Reply at 3 n.3, the Court declines to rule as to its appropriate breadth at this time.

Following these guiding principles, the Court proceeds to rule on Plaintiffs' motions for a protective order as to each of the Disputed Topics.

## C. The Disputed Topics

The State moves for a protective order with respect to topics 1(b), (d)–(j), (m), (o); 2; 3(a)–(b), (e)–(h), (j)–(m); 4(a)–(h); 5–13; and 17 on the State's Notice.  State's Notice at 4–11.  The City moves for a protective order with respect to topics 1(b), (d), (f)–(h), (j), (m), (o)–(p); 2;[12] 3(a)–(b), (f), (h)–(i), (k)–(o); 5–6; and 11–12 on the City's Notice.[13]  City's Notice at 4–10.  The Court will address each topic in turn.

State and City topics 1 and 2 are related.  Topic 1 seeks discovery related to various "[m]ethods, policies, procedures, and protocols of or available to" each Plaintiff, and topic 2 asks "[w]hether, or to what extent, [each Plaintiff] used any of the methods, policies, procedures, or protocols addressed in topic 1."  State's Notice at 4, 6; City's Notice at 4, 6.  As an initial matter, Plaintiffs' motions for a protective order are granted to the extent FedEx seeks discovery on methods, policies, procedures, and protocols that were theoretically available to but not actually utilized by Plaintiffs.  While it is true that FedEx is entitled to discover "all available information

---

[12] FedEx asserts that the City did not object to topic 2 because that topic was not highlighted on the deposition notice attached to the City's Letter Brief.  FedEx's Objs. at 7 n.5, 10 n.8; *see* City's Notice at 6.  Regardless of whether the City highlighted topic 2 in its submission to the Court, topic 2 explicitly incorporates topic 1.  Any of the City's objections to topic 1 are therefore necessarily incorporated into topic 2.

[13] In some instances, the State objected to a topic to which the City did not object, and vice versa.  The Court has made clear, therefore, where a ruling applies only to the City or to the State.

that might bear on inferences drawn about" the contents of the shipments at issue in this case, FedEx's Reply at 1, Plaintiffs are not obligated to speculate about information that could potentially have been uncovered had certain methods or policies been used.

As to State and City topics 1(b) and 1(d), FedEx is entitled to seek discovery regarding Plaintiffs' knowledge of the Shippers' non-tobacco business, since that information is relevant to drawing inferences about what was contained in the packages at issue. However, the same is not true of FedEx's non-tobacco business, which has no relation to this case. *See* Pls.' Opp'n at 8. Accordingly, FedEx may depose Plaintiffs as to their methods of monitoring the Shippers' non-tobacco business, but not FedEx's.

State and City topic 1(e) seeks discovery regarding Plaintiffs' methods of identifying and monitoring "the physical characteristics, brands, packaging, and advertising of tobacco, and the status or contents of tobacco certifications, forms, or filings, required by federal, state, local, or tribal law or policy, concerning Shipper-Related Persons." State's Notice at 4; City's Notice at 4. The City has not objected to this topic. The State's motion with respect to this topic is denied, as the information referenced therein is relevant to drawing inferences about what the packages at issue in this case contained.

State and City topic 1(f) seeks discovery related to Plaintiffs' methods of collecting tobacco taxes from Shipper-Related Persons. State's Notice at 4; City's Notice at 4. FedEx is entitled to discover whether Plaintiffs have already collected taxes on any of the cigarettes at issue in this case, since that information is relevant to the calculation of damages. But FedEx may not inquire as to Plaintiffs' methods of collecting taxes generally, as that would encroach on Plaintiffs' broad executive discretion.

State and City topic 1(g) seeks discovery related to Plaintiffs' methods of modifying the smoking habits of smokers or customers for tobacco whose habits might have been affected by the conduct of FedEx Ground or any Shipper-Related Persons. State's Notice at 4–5; City's Notice at 4. Given Plaintiffs' allegation that "[i]nterstate cigarette trafficking undercuts the salutary effect of high cigarette prices," Amended Complaint ("Am. Compl.") (Doc. 13) ¶ 8, Plaintiffs' motions are denied with respect to this topic.

State and City topic 1(h) seeks discovery related to Plaintiffs' methods of investigating "tobacco-related behaviors" by FedEx Ground or Shipper-Related Persons. State's Notice at 5; City's Notice at 5. Because the phrase "tobacco-related behaviors" is vague, it is unduly burdensome to Plaintiffs. Plaintiffs' motions are therefore granted with respect to this topic.

State and City topic 1(i) seeks discovery related to Plaintiffs' methods of enforcing any tobacco-related laws against FedEx Ground or Shipper-Related Persons. State's Notice at 5; City's Notice at 5. FedEx is entitled to discovery on Plaintiffs' enforcement efforts with respect to the particular shipments at issue in this action, since that information is relevant to FedEx's fourth and fifth affirmative defenses. But FedEx may not inquire as to Plaintiffs' enforcement efforts generally, as that would encroach on Plaintiffs' broad executive discretion. Although the City has not objected to this topic, this Court's ruling applies equally to the depositions of both Plaintiffs.

As to State and City topic 1(j), services that might be used by Shipper-Related Persons other than the delivery services at issue in this case are not relevant to any of the claims or defenses in this action. Plaintiffs' motions are therefore granted with respect to this topic.

As to State and City topics 1(m) and 1(o), FedEx is entitled to seek discovery regarding the Shippers' non-tobacco business, since that information is relevant to drawing inferences

about what was contained in the packages at issue.  However, Plaintiffs' methods of coordinating and communicating about non-tobacco activities is not relevant to any claim or defense in this action.  Plaintiffs' motions are therefore granted with respect to these topics.

State and City topic 1(p) seeks discovery related to Plaintiffs' methods of coordinating or communicating with FedEx Ground concerning tobacco-related activity by FedEx Ground or Shipper-Related Persons or any activities of Shippers.  State's Notice at 6; City's Notice at 6.  The State has not objected to this topic.  Because this topic relates to FedEx's fourth affirmative defense, the City's motion is denied.

State and City topic 2 incorporate by reference all of the discovery requests from topic 1.  Therefore, where the Court limited or denied a request in topic 1, the same information cannot be obtained by way of topic 2.

State and City topic 3 seeks discovery of certain knowledge or information "possessed by or accessible to" Plaintiffs.  State's Notice at 6; City's Notice at 6.  Whether or not information is "accessible to" Plaintiffs is too vague and therefore unduly burdensome.  Accordingly, Plaintiffs are obligated to testify only as to information they possess, but not as to information they do not.

State and City topics 3(a) and 3(b) incorporate by reference all of the discovery requests from topic 1.  Therefore, where the Court limited or denied a request in topic 1, the same information cannot be obtained by way of these topics.

State topic 3(e) and City topic 3(f) seek discovery regarding Plaintiffs' knowledge concerning, *inter alia*, the marketing, advertising, sale, shipment, or payment for tobacco by Shipper-Related Persons.  State's Notice at 7; City's Notice at 7.  Plaintiffs' motions with respect to this topic are denied.  Like topic 1(e), the information referenced in these requests is relevant to drawing inferences about what the packages at issue in this case contained.

State topic 3(f) and City topic 3(g) seek discovery regarding Plaintiffs' knowledge concerning any investigation, monitoring, or enforcement of cigarette and tobacco tax laws with respect to FedEx Ground or Shipper-Related Persons.  State's Notice at 7; City's Notice at 7.  FedEx is entitled to discovery on Plaintiffs' enforcement efforts with respect to the particular shipments at issue in this action, since that information is relevant to its fourth and fifth affirmative defenses.  But FedEx may not inquire as to Plaintiffs' enforcement efforts generally, as that would encroach on Plaintiffs' broad executive discretion.  Although the City has not objected to this topic, this Court's ruling applies equally to the depositions of both Plaintiffs.

As to State topic 3(g) and City topic 3(h), Plaintiffs' motions are granted with respect to Plaintiffs' knowledge of "the failure of any Shipper-Related Person to create, file, maintain, retain, or send to anyone any document concerning any cigarettes on which the State may base any claim in this case," State's Notice at 7; City's Notice at 8, as such a failure has no relevance to the claims or defenses in this action.  However, Plaintiffs' motions are denied with respect to Plaintiffs' knowledge "concerning any cigarette-related documents, certifications, or filings of or by Shipper-Related Persons or relating to any cigarettes on which the State may base any claim in this case."  *Id.*  Such information is relevant to drawing inferences about what the packages at issue in this case contained.

State topic 3(h) and City topic 3(i) seek discovery regarding Plaintiffs' knowledge concerning the collection or attempted collection of cigarette or tobacco taxes relating to Shipper-Related Persons.  State's Notice at 8; City's Notice at 8.  FedEx is entitled to discovery on Plaintiffs' tax collection efforts with respect to the particular shipments at issue in this action, since that information is relevant to its fourth and fifth affirmative defenses.  But FedEx may not

inquire as to Plaintiffs' tax collection efforts generally, as that would encroach on Plaintiffs' broad executive discretion.

Plaintiffs' motions are denied with respect to State topics 3(j), 3(k), and 3(*l*) and City topics 3(k), 3(*l*), and 3(m). These topics are relevant to drawing inferences about what the packages at issue in this case contained.

State topic 3(m) and City topic 3(n) seek discovery related to Plaintiffs' knowledge concerning whether any agent or employee of the City or State is a Shipper-Related Person, or concerning the trafficking or illegal purchasing of cigarettes or tobacco by any employees or agents of the City or State. State's Notice at 8; City's Notice at 8. This information is relevant to FedEx's fourth affirmative defense. Plaintiffs' motions are therefore denied with respect to these topics.

City topic 3(o) (which has no counterpart in the State's Notice) seeks discovery related to the City's knowledge substantiating the public assertion made to the press on March 11, 2015, that FedEx Ground intended to "deliver[] illegal, untaxed cigarettes to residences, including children, in the city and state." City's Notice at 8–9. FedEx is entitled to this discovery, since it is relevant to Plaintiffs' claims, but the City is not obligated to testify to information dated after the filing of the Complaint in this action, December 30, 2013.

State topic 4 (which has no counterpart in the City's Notice) relates to the AOC entered into by FedEx and the New York State Attorney General ("NYAG").[14]

---

[14] An exhibit to the State's Letter Brief indicates that the State originally objected to State topics 4(a)–(g) on the basis that the topics are "document requests" that are "not appropriate for a 30(b)(6) deposition." State's Letter Brief, Ex. B at 3; *see also* FedEx's Objs. at 24–25. In the State's Letter Brief, however, the State requested that this Court issue a protective order to prohibit FedEx from inquiring into the topics entirely. State's Letter Brief at 3. The Court has accordingly ruled on whether the topics should be limited in their entirety, and not whether they would more appropriately be served as document requests.

State topic 4(a) concerns non-privileged positions or communications by the State or

NYAG regarding the authority of NYAG with respect to N.Y. PHL § 1399-*ll*.  State's Notice at

8.  FedEx is entitled to discovery regarding NYAG's authority to seek civil penalties under N.Y.

PHL § 1399-*ll*, since that information is relevant to FedEx's twelfth affirmative defense.  But the

State is not obligated to testify as to NYAG's authority enforce N.Y. PHL § 1399-*ll* generally.

The State's motion is denied with respect to State topics 4(b), 4(c), 4(d), 4(e), and 4(f).

These topics are all relevant to the claims and defenses in this action that pertain to the AOC.

State topic 4(g) concerns "notices or other communications to FedEx Ground concerning

suspected cigarette-related activity by any person."  State's Notice at 9.  Because this

information relates to FedEx's knowledge of the facts underlying Plaintiffs' claims, the State's

motion with respect to this topic is denied.

The State's motion is granted with respect to State topic 4(h), which seeks information

related to the State's investigation of FedEx leading up to the signing of the AOC.  This topic has

no relevance to the State's claim that FedEx violated the AOC, nor is it relevant to FedEx's

defenses regarding the AOC.

State and City topic 5 concerns Plaintiffs' "involvement in the development and passage

of the [PACT Act], FedEx's Ground's fulfillment of its alleged responsibilities under that Act,

and the City and State's fulfillment of their responsibilities under the Act."  State's Notice at 9;

City's Notice at 9.  Plaintiffs no longer assert claims under the PACT Act.  *See* Doc. 103 at 3 n.1.

Nevertheless, FedEx argues that Plaintiffs' own compliance under the PACT Act is still relevant

to this action, since "Plaintiffs seek to have the Court borrow the $5,000 per-violation penalty

from the PACT Act."  FedEx's Objs. at 21 (citing Am. Compl. at 45).  Given that the CCTA

allows for civil penalties but omits any specific guidance as to imposing them, courts in this

Circuit have looked to the PACT Act calculations as a "starting point" for an award of penalties under the CCTA. *City of New York v. Milhelm Attea & Bros., Inc.*, No. 06 Civ. 3620 (CBA), 2012 WL 3579568, at *33 (E.D.N.Y. Aug. 17, 2012). But in assessing whether those calculations are appropriate in any given case, courts look to "traditional factors," *i.e.*, "the good or bad faith of the defendants, the injury to the public, and the defendants' ability to pay." *Id.*; *see also City of New York v. Golden Feather Smoke Shop, Inc.*, No. 08 Civ. 3966 (CBA) (JMA), 2013 WL 5502954, at *1 (E.D.N.Y. Oct. 1, 2013) (same). Plaintiffs' involvement in the development and passage of the PACT Act and their compliance with that Act have no bearing on those factors. Plaintiffs' motions are accordingly granted with respect to this topic.

State topic 6 (which has no counterpart in the City's Notice) concerns litigation, arbitration, or non-privileged policy positions taken by the State, NYAG, or the New York Department of Tax and Finance to the effect that any sales of cigarettes to the public by Shipper-Related Persons "need not or may not 'bear[] the excise stamp of the state' or be the subject of 'excise tax[] collect[ion].'" State's Notice at 9. FedEx is entitled to discovery regarding any positions taken with respect to the cigarettes alleged to have been shipped in this case, but not with respect to cigarettes generally.

City topic 6 (which has no counterpart in the State's Notice) concerns statements by City officials, employees, or agents concerning State culpability for conducting, aiding, abetting, or facilitating trade in untaxed cigarettes. City's Notice at 9. FedEx is entitled to discovery regarding statements concerning the cigarettes alleged to have been shipped in this case, but not with respect to cigarettes generally.

State and City topic 7 concerns notice to the Plaintiffs of relevant cigarette-related activity of Shipper-Related Persons. State's Notice at 9–10; City's Notice at 9. The City has not

objected to this topic.  Assuming that "relevant cigarette-related activity" refers to the conduct alleged in the Amended Complaint, the State's motion is denied.  Plaintiffs' knowledge of the conduct alleged in the Amended Complaint is relevant to FedEx's fourth and fifteenth affirmative defenses.

State and City topic 8 concerns litigation, agreements, forbearance, or waiver regarding any law regarding tobacco or tobacco taxes that might pertain to Shipper-Related Persons. State's Notice at 10; City's Notice at 9–10.  FedEx is entitled to discovery regarding litigation or agreements concerning the cigarettes alleged to have been shipped in this case, but not with respect to cigarettes generally.  Although the City has not objected to this topic, this Court's ruling applies equally to the depositions of both Plaintiffs.

State topic 9 (which has no counterpart in the City's Notice) concerns agreements with tobacco manufacturers regarding the distribution or sale of tobacco in New York State or modifications to the Tobacco Master Settlement Agreement that might affect FedEx Ground or Shipper-Related Persons.  State's Notice at 10.  State topic 11 (which also has no counterpart in the City's Notice) concerns benefits or advantages to the State of forbearance, non-enforcement, or waiver regarding any tax- or tobacco-related law that might pertain to Shipper-Related Persons.  *Id.*  FedEx argues that these topics are relevant to its contention that the State has been incentivized to not enforce tax laws and to prevent certain cigarettes from being stamped. FedEx's Objs. at 17–20.  This Court has ruled that Plaintiffs' decisions about how and from whom to collect taxes are out of bounds, however.  2016 WL 1301180, at *6.  In any event, Plaintiffs' *incentives* about whether to enforce tax laws and prevent cigarettes from being stamped has no relevance to this action—what is relevant is whether Plaintiffs in fact collected taxes on the cigarettes at issue, whether the cigarettes were in fact required to be stamped, and

whether the cigarettes were in fact stamped.  The State's motion is therefore granted with respect to these topics.

State topic 10 and City topic 9 concern cooperation between the City and State, or any other state or government, concerning cigarette-related activity.  State's Notice at 10; City's Notice at 10.  Although this topic may be somewhat relevant to the claims and defenses in this action, that relevance is outweighed by the undue burden the State would face if forced to prepare a 30(b)(6) witness to testify as to this unduly broad request.  *See* Pls.' Opp'n at 21 ("The City and the State routinely participate in tobacco-related matters with forty-nine Attorneys General and the federal government on issues that do not remotely implicate the facts of this case.").  The State's motion is accordingly granted with respect to this topic.  Although the City has not objected to this topic, because the Court finds that it would be unduly burdensome, the City need not respond to this request either.

State topic 12 and City topic 10 concern forms, instructions, or regulatory guidance of the State, the City, or any other governmental entity that might pertain to Shipper-Related Persons or any cigarettes on which the State may base any claim in this case.  State's Notice at 10; City's Notice at 10.  Like State topic 10, this topic may be minimally relevant to this action, but that relevance is outweighed by the breadth of the request and the undue burden it would impose on the State.  The State's motion is accordingly granted with respect to this topic.  Although the City has not objected to this topic, because the Court finds that it would be unduly burdensome, the City need not respond to this request either.

State topic 13 and City topic 11 seek broad discovery on cigarette-related testimony.  Because of the enormous breadth of this request, and its minimal relevance to the cigarettes at issue in this case, Plaintiffs' motions are granted with respect to these topics.

State topic 14 and City topic 12 seek descriptions of each CCTA violation alleged. State's Notice at 11; City's Notice at 10. Plaintiffs do not contest the relevance of this information. Rather, they have indicated that they would provide responses to this request, but in non-deposition form. Similarly, the State has indicated that it would provide responses to State topics 15 and 16 in non-deposition form. Because it is not clear from the record whether FedEx opposes such a proposal,[15] the Court declines to rule on these topics at this time.

State topic 17 and City topic 15 concern "contingencies that might permit, facilitate, or prevent cigarette tax collection from any Shipper-Related Person or that might otherwise pertain to whether the harm of losing taxes is complete as soon as cigarettes are shipped." State's Notice at 11; City's Notice at 10. As to the "contingencies that might permit, facilitate, or prevent cigarette tax collection from any Shipper-Related Person," FedEx argues that it is merely seeking to obtain discovery to support its argument that Plaintiffs' RICO claims are not yet ripe. FedEx's Objs. at 20. This Court has already rejected that argument. *City of New York v. FedEx Ground Package System, Inc.*, 91 F. Supp. 3d 512, 525 n.12 (S.D.N.Y. 2015) ("Defendant can point to no similar contingencies bearing on the ripeness of Plaintiffs' RICO claim."). As to the question of when "the harm of losing taxes is complete," the Court agrees with the State that it is a matter of law requiring no fact discovery. *See* Pls.' Opp'n at 18. The State's motion with respect to this topic is therefore granted. Although the City has not objected to this topic, this Court's ruling applies equally to the depositions of both Plaintiffs.

---

[15] An exhibit to the State's Letter Brief indicates that the parties agreed during a June 15 meet and confer that the State would provide the information requested in State topics 14 through 16 separate from a 30(b)(6) deposition. State's Letter Brief, Ex. B at 4 n.1.

## IV. CONCLUSION

For the foregoing reasons, FedEx's objections to the August 13 Order are SUSTAINED in part and the August 13 Order is set aside.  Plaintiffs' motions for a protective order are GRANTED in part and DENIED in part.  The City's objections to the November 17 Order are OVERRULED and the November 17 Order is AFFIRMED.

It is SO ORDERED.

Dated:     April 27, 2016
           New York, New York

_____
Edgardo Ramos, U.S.D.J.