UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 2/14/2017

THE CITY OF NEW YORK and THE PEOPLE OF THE STATE OF NEW YORK,

        Plaintiffs,

- against -

FEDEX GROUND PACKAGE SYSTEM, INC.,

        Defendant.

**OPINION AND ORDER**

13 Civ. 9173 (ER)

Ramos, D.J.:

    Before the Court are FedEx's objections to an Order issued by Magistrate Judge Kevin Nathaniel Fox on January 15, 2016 precluding discovery of information that FedEx alleges is relevant to its seventh affirmative defense, as well as the City's motion to strike the seventh affirmative defense.  For the reasons discussed below, the City's motion to strike the seventh affirmative defense is DENIED and FedEx's objections to the January 15, 2016 Order are SUSTAINED in part.

## I. BACKGROUND[1]

    On or about March 15, 2013, approximately nine months before filing this action, the City of New York ("City") entered into an agreement with FedEx Ground Package System, Inc. ("FedEx" or "FedEx Ground") to settle any claims the City might have against FedEx related to its shipments on behalf of a cigarette seller called Cigarettes Direct to You ("CD2U").  Proshansky Decl. (Doc. 178), Ex. 1.  As part of that agreement, the City and FedEx made certain

---

[1] This Opinion discusses only those facts necessary to decide the instant motions.  Familiarity with the underlying facts and procedural history of this matter is otherwise presumed.

---

representations.  The City represented that, aside from information about CD2U, it had "no information . . . suggest[ing] that FedEx Ground [had] delivered or transported unstamped cigarettes to New York City residents or into the geographic boundaries of New York City."  *Id.* ¶ 5.  In turn, FedEx represented that, aside from information about CD2U, it had "no knowledge that it [was then] delivering or transporting unstamped cigarettes to New York City residents within the geographic boundaries of New York City."  *Id.* ¶ 6.

The parties also undertook certain obligations going forward.  FedEx agreed that "in the event that the City has a reasonable basis to believe that any person is using FedEx Ground to deliver unstamped cigarettes within the geographic boundaries of New York City," and "upon the City's notification of its reasonable basis and at its request," FedEx would "(1) provide the City with reasonably informative information concerning or relating to the date, weight, and recipients' addresses for deliveries into New York City by that person; and (2) terminate the use of its services by that person, if such deliveries contained unstamped cigarettes."  *Id.* ¶ 7.  For its part, the City agreed that if FedEx complied with the foregoing provisions, the City would "not pursue any claim, cause of action, lawsuit or other demand against FedEx Ground related to shipments of cigarettes by that person."  *Id.*

During the course of discovery in this action, FedEx requested from the City any materials showing that at the time the parties entered into their agreement, the City did have other information about FedEx's delivery of unstamped cigarettes, contrary to the City's contractual representation.  *See* FedEx's Aug. 31, 2015 Ltr. (Doc. 114) at 7.  On November 17, 2015, Magistrate Judge Fox, to whom all general pretrial matters were then assigned, held a telephone conference to discuss, among other things, the parties' dispute regarding the City's obligation to produce such materials.  *See* Nov. 17, 2015 Tr. (Doc. 136).  At that conference,

FedEx argued that the requested information was relevant to its seventh affirmative defense, which Plaintiffs had never challenged.[2]  *Id.* at 27:2–6.  FedEx's seventh affirmative defense provides that:

> The City's claims are barred, in whole or in part, by the settlement agreement with FedEx Ground, effective March 15, 2013, to the extent, *inter alia*, the City had *any* information prior to the date of that agreement, suggesting that FedEx Ground had delivered or transported unstamped cigarettes to New York City residents or into the geographic boundaries of New York City, and to the extent the City did not honor the cooperative framework established by that agreement.

Am. Answer (Doc. 101) at 22.

Magistrate Judge Fox requested briefing on the issue, which the parties provided.  *See* FedEx's Dec. 9, 2015 Ltr. (Doc. 146); City's Dec. 17, 2015 Ltr. (Doc. 148).  On January 15, 2016, after considering the parties' arguments and letter briefs, Magistrate Judge Fox issued an Order denying "FedEx's request that the City be required to disclose information relating to the [a]greement" between the parties.  Jan. 15, 2016 Order (Doc. 156).  FedEx thereafter requested that Magistrate Judge Fox clarify or reconsider his ruling so that it not foreclose discovery relevant to FedEx's seventh affirmative defense, FedEx's Jan. 25, 2016 Ltr. (Doc. 157), but Magistrate Judge Fox denied the request, Mar. 4, 2016 Order (Doc. 172).

On March 24, 2016, FedEx filed its objections to Magistrate Judge Fox's January 15, 2016 Order, arguing in large part that the ruling is erroneous because the agreement between FedEx and the City is the foundation of FedEx's seventh affirmative defense.  FedEx's Objs. (Doc. 175) at 8.  In response to FedEx's objections, the City moved to strike the seventh affirmative defense.  City's Mem. (Doc. 179).  Although the City's filing was procedurally

---

[2] Plaintiffs did move to strike twelve other of FedEx's affirmative defenses.  In an Opinion and Order dated March 31, 2016, the Court granted in part and denied in part Plaintiffs' motion.  *City of New York v. FedEx Ground Package Sys., Inc.*, 314 F.R.D. 348 (S.D.N.Y. 2016).

3

improper,[3] the Court permitted the City to persist in its motion.  Apr. 28, 2016 Tr. (Doc. 204) at 16:22–17:3.  The City subsequently filed a corrected motion, FedEx filed an opposition brief, and the City filed a reply.  City's Corr. Mem. (Doc. 197); FedEx's Opp'n Mem. (Doc. 206); City's Reply Mem. (Doc. 217).

## II. LEGAL STANDARD

### A. Motion to Strike an Affirmative Defense

"An affirmative defense is an 'assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true.'" *Tradewinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901 (JFK), 2013 WL 6669422, at *2 (S.D.N.Y. Dec. 17, 2013) (quoting Black's Law Dictionary 482 (9th ed. 2009)).  Although a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), "courts should not tamper with the pleadings unless there is a strong reason for so doing," *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).  Motions to strike an affirmative defense are generally disfavored, *Cty. Vanlines Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 152 (S.D.N.Y. 2002), and "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense," *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (internal quotation marks omitted), *vacated and remanded on other grounds*, 478 U.S. 1015 (1986).

To prevail on a motion to strike, the moving party must satisfy a stringent three-pronged test:  "(1) there must be no question of fact that might allow the defense to succeed; (2) there

---

[3] Pursuant to paragraph 2(A)(ii) of this Court's Individual Practices, except in certain enumerated circumstances not applicable here, a party is required to submit a letter requesting a pre-motion conference prior to filing a motion.

must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005). In considering the first and second prongs, courts apply the same legal standard as that applicable to a motion to dismiss under Rule 12(b)(6). *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010). The "sufficiency of a defense is to be determined solely upon the face of the pleading," and the Court "accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the [non-moving party's] favor." *Id.* In evaluating the third prong, the Court may consider whether inclusion of the legally insufficient defense would needlessly increase the "time and expense of trial" or "duration and expense of litigation." *Id.* at 426 (citing *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999)); *see also S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999) ("An increase in the time, expense and complexity of a trial may constitute sufficient prejudice to warrant granting a plaintiff's motion to strike.").

### B. Objections to a Magistrate Judge's Order

The applicable standard of review of a magistrate judge's decision turns on whether the issue is dispositive or nondispositive. *See Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 Civ. 3749 (KMW) (DCF), 2009 WL 3467756, at *3 (S.D.N.Y. Oct. 28, 2009). Pretrial discovery motions are considered nondispositive and are reviewed for clear error. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *Gruss v. Zwirn*, No. 09 Civ. 6441 (PGG) (MHD), 2013 WL 3481350, at *5 (S.D.N.Y. July 10, 2013); Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

"A ruling is clearly erroneous where, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been

committed." *Gruss*, 2013 WL 3481350, at *5 (internal quotation marks omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted). This is a highly deferential standard, and "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Gruss*, 2013 WL 3481350, at *5 ("Magistrate judges are given broad latitude in resolving discovery disputes . . . .").

## III. DISCUSSION

By way of its seventh affirmative defense, FedEx seeks to bar or limit the City's claims in this action if the City: (a) misrepresented what it knew about FedEx's operations when the parties entered into their agreement in March 2013; or (b) failed to notify FedEx about potentially unlawful activity, in order to provide FedEx with an opportunity to redress any problems. Am. Answer at 22; *see* FedEx's Opp'n Mem. at 1–8, 13. The City argues that the defense fails as a matter of law because even if it breached the parties' agreement in either of these two respects,[4] the remedy for that breach would be limited to typical contract remedies, like damages or rescission, and could not encompass what FedEx seeks here, namely, a wholesale bar of the City's action to enforce federal and state laws. City's Corr. Mem. at 6–7.[5]

---

[4] The City maintains that it had no contractual obligation to provide FedEx with an opportunity to cease illegal activity before bringing suit, City's Corr. Mem. at 8, and the Court agrees. On its face, the agreement merely provides that *if* the City notifies FedEx that it has a reasonable basis to believe a person is using FedEx to deliver unstamped cigarettes in New York City, and *if* the City requests FedEx's cooperation, then FedEx is obligated to cooperate with the City and terminate any unlawful use of its services by that person. Proshansky Decl., Ex. 1 ¶ 7. Only in such a scenario, if FedEx complies with the terms of the agreement, would the City be precluded from suing on the basis of the disclosed conduct. *Id.*

[5] The City alternatively argues that the seventh affirmative defense cannot succeed because the parties' agreement, by its terms, is not "admissible in, nor is it relevant to" any action other than one to enforce the agreement. City's Corr. Mem. at 9 (quoting ¶ 9 of the agreement). This argument rings hollow, however, as the City itself references the agreement in the Amended Complaint. Am. Compl. (Doc. 13) at 2 n.1.

The Court agrees that a party's potential remedies for a breach of contract claim are limited. However, FedEx has not asserted a breach of contract counterclaim, and its seventh affirmative defense does not purport to seek a remedy for breach of contract.[6] Instead, the seventh affirmative defense states broadly that "[t]he City's claims are barred, in whole or in part, by the settlement agreement with FedEx."  Am. Answer at 22.  In light of this language and the agreement's potential relevance to certain other of FedEx's affirmative defenses, the Court cannot say there is no question of law or fact that might allow the seventh affirmative defense to succeed.

As the Court noted in ruling on Plaintiffs' motions to limit the scope of depositions, Plaintiffs' own conduct prior to instituting this action is not entirely off-limits, as FedEx maintains equitable defenses to certain of Plaintiffs' claims.  *City of New York v. FedEx Ground Package Sys., Inc.*, No. 13 Civ. 9173 (ER), 2016 WL 1718261, at *6 (S.D.N.Y. Apr. 27, 2016). In particular, FedEx's fourth affirmative defense concerns whether Plaintiffs' claims should be barred or limited by doctrines like "waiver, estoppel, laches, unclean hands, [and] *in pari delicto*," based on Plaintiffs' failure to notify FedEx about unlawful activity they had reason to know about.  Am. Answer at 21.  FedEx's fifth affirmative defense concerns whether Plaintiffs' claims should be limited based on their failure to mitigate their damages.  *Id.*[7]  Because these defenses invariably concern what the City knew and did before it brought suit, the Court cannot

---

[6] In listing the "myriad" ways to interpret its own pleading, FedEx contends that the seventh affirmative defense "could be *construed* as a counterclaim" for breach of the agreement, citing Federal Rule of Civil Procedure 8(c)(2). FedEx's Opp'n Mem. at 14 (emphasis added). Rule 8(c)(2) concerns a situation wherein a party "mistakenly designates a defense as a counterclaim, or a counterclaim as a defense," a scenario FedEx does not even assert is applicable here.  In any event, in such a situation, the Court must only "treat the pleading as though it were correctly designated" "if justice requires." Fed. R. Civ. P. 8(c)(2). The Court finds lacking any compelling reason to rewrite FedEx's pleading at this stage in the case.

[7] This Court struck the fourth affirmative defense as to Plaintiffs' CCTA claim, but not as to their AOC or RICO claims, and struck the fifth affirmative defense as to Plaintiffs' CCTA and AOC claims, but not as to their RICO claims.  *FedEx*, 314 F.R.D. at 357–59.

say that the parties' agreement will play no role in defeating or narrowing the City's claims. The City's motion to strike the seventh affirmative defense is thus denied.

That brings us to the discovery dispute that precipitated the City's motion. At the November 17, 2015 telephone conference, FedEx argued that it should be entitled to any discovery suggesting that the City had information about its unlawful activity before the parties entered into their agreement. Nov. 17, 2015 Tr. (Doc. 136) at 24:5–25. In response, the City argued that (1) it has no obligation under the agreement to provide FedEx with any information; and (2) there is no such information to produce, because the City did not know when it entered into the agreement that FedEx was being used to ship unstamped cigarettes in New York City for any cigarette seller other than CD2U. *Id.* at 27:19–29:15. FedEx submitted a letter brief that largely rehashed the arguments it made at the conference. FedEx's Dec. 9, 2015 Ltr. (Doc. 146). The City's letter brief, however, argued for the first time that FedEx's seventh affirmative defense fails as a matter of law. City's Dec. 17, 2015 Ltr. (Doc. 148). In the January 15, 2016 Order, Magistrate Judge Fox found that FedEx "failed to establish that it is entitled to the discovery it seeks," and, accordingly, denied "FedEx's request that the City be required to disclose information relating to the [a]greement." Jan. 15, 2016 Order (Doc. 156).

It is not evident whether Magistrate Judge Fox ruled against FedEx because the City represented it was not withholding any documents, because he found that the seventh affirmative defense fails as a matter of law, or for some other reason. Given that the Order precludes *any* discovery regarding the parties' agreement, however, the Court finds that it is too broad, foreclosing discovery as to issues relevant to FedEx's affirmative defenses without any stated basis for doing so. *See* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense and proportional to the needs of the case . . . ."). Thus, the Court finds the Order is clearly erroneous and sets its aside.[8]

Having reviewed the parties' submissions and arguments before Magistrate Judge Fox, and in keeping with this Court's prior rulings that FedEx is not entitled to discovery as to Plaintiffs' enforcement efforts generally, *see, e.g.*, *FedEx*, 2016 WL 1718261, at *8, the Court rules on FedEx's discovery request as follows: To the extent the City had any information prior to March 15, 2013 suggesting that FedEx had delivered or transported unstamped cigarettes to New York City residents or into the geographic boundaries of New York City for the cigarette sellers underlying the City's claims in this action, FedEx is entitled to discover it. The City has represented that no such discovery exists, and FedEx has not provided the Court with any basis for discrediting that representation. Of course, only to the extent the information exists will the City be required to produce it.

## IV. CONCLUSION

For the foregoing reasons, the City's motion to strike the seventh affirmative defense is DENIED and FedEx's objections to the January 15, 2016 Order are SUSTAINED in part. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 177.

It is SO ORDERED.

Dated:  February 14, 2017
        New York, New York

                                                    Edgardo Ramos, U.S.D.J.

---

[8] Because the Court sustains FedEx's fourth objection to the Order, which is based on the requested discovery's relevance to the seventh affirmative defense, the Court need not rule on FedEx's first, second, and third objections. *See* FedEx's Objs. at 6–8.