UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK and THE PEOPLE OF
THE STATE OF NEW YORK,

                          Plaintiffs,

           - against -

FEDEX GROUND PACKAGE SYSTEM, INC.,

                          Defendant.

**OPINION AND ORDER**

13 Civ. 9173 (ER)

Ramos, D.J.:

         On May 25, 2017, the Court held a conference during which it denied Plaintiffs' motion

to compel further discovery concerning certain new shippers, including Payless Enterprises

("Payless") and AA Discount Cigarettes ("AADC") ("May Conference").  By letter dated June 8,

2017, Plaintiffs sought clarification on whether the Court's ruling was intended to apply to

Payless and AADC, which are alter egos of the shipper Your Kentucky Tobacco Resources

("YKTR") named in *Fedex II*.  Doc. 331.  Although the transcript of the proceedings makes it

exceedingly clear, the Court reiterates that Plaintiffs' motion to compel further discovery

concerning Payless and AADC is denied, except that it ordered Defendants to turn over the

actual ISF forms. *See* Doc. 336 at 57:25-58:3.  The Court did not make any other exceptions to

its ruling.

         Separately, by letter dated June 2, 2017, Plaintiffs also contend that FedEx Ground

Package System ("FedEx") waived attorney-client privilege under Federal Rule of Evidence

502(a) to a 2008 email communication it deemed privileged involving a former FedEx account

executive Dan Skelley ("Skelley"), Doc. 246-1 ("FedEx Email"), as well as seven other

undisclosed email communications in 2009 involving Skelley.  Doc. 326.  Plaintiffs state that

FedEx waived privilege to those communications with legal counsel regarding FedEx tobacco policy by permitting Skelley to testify on May 7, 2017 about his communications with FedEx's legal department, and by asking Skelley to confirm what the legal department told him.

By letter dated June 9, 2017, FedEx asserts that there was no waiver of privilege. Doc. 334. FedEx states the following: (1) any privilege waiver arising from that testimony does not affect the FedEx Email or any emails in 2009 because while the testimony only concerned supposed communications in 2005, the emails at issue were written in 2008 and 2009, years after FedEx entered into the Assurance of Compliance with the State of New York; and (2) there was nevertheless no privilege waiver because there is reason to believe that Skelley's purported contact with legal in 2005 never occurred.

Rule 502(a) states that attorney-client privilege is only waived as to undisclosed communications if: "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a). Such subject matter waiver of attorney-client privilege is "reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of the evidence to the disadvantage of the adversary." *Seyler v. T-Sys. N. Am., Inc.*, 771 F. Supp. 2d 284, 288 (S.D.N.Y. 2011) (quoting Fed. R. Evid. 502(a) Advisory Committee Note). The Court finds that FedEx did not waive privilege to the extent that none of the emails at issue concern the narrow subject matter discussed at Skelley's deposition.

At Skelley's deposition, counsel for FedEx, Brian Stekloff ("Stekloff"), expressly sought to limit discussions of any communications with the legal department to the supposed 2005 communication that Skelley had testified about earlier that day. Skelley Dep. Tr. 131:21-132:8.

Stekloff also sought to ensure that Skelley did not testify on any privileged emails, *id.* at 43:2 - 45:10, and Skelley did not in fact testify about any specific email communications in 2008 or 2009.

Plaintiffs contend that the question asked by Skelley's personal counsel at his deposition concerning ████████████████████████████████████████████████ ████████████████████████████████████████ serves as a waiver for all conversations Skelley had with FedEx's legal department about cigarette shipments throughout his employment. *See* Skelley Tr. 168:24-169:3 ████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████. The Court finds this proposition to be too broad. Instead, it finds that FedEx only waived privilege for communications in which ████████████████████████ ████████████████████████████████████. FedEx did not waive privilege for any other communications between Skelley and its legal department, such as requests for legal advice, or the legal department's explanation of FedEx policies. The FedEx Email does not concern ██████████████████████████████████████████████ ██████████████████████████, and must remain sealed. To the extent that the seven emails in 2009 also do not concern such communications, those emails must also remain privileged.

In sum, Plaintiffs' motion to compel discovery concerning Payless and AADC, and their request to unseal the FedEx Email are denied. Their request to compel production of the other seven emails is denied to the extent that they do not concern ██████████████████████████ ██████████████████████████████. Defendants are otherwise directed to produce emails involving such communication.

3

The Clerk of the Court is respectfully directed to terminate the motions, Docs. 326, 335.

It is SO ORDERED.

Dated:    August 7, 2017
          New York, New York

_____
Edgardo Ramos, U.S.D.J.