UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK and THE PEOPLE OF
THE STATE OF NEW YORK,

                                             Plaintiffs,

- against -

FEDEX GROUND PACKAGE SYSTEM, INC.,

                                             Defendant.

**OPINION AND ORDER**

13 Civ. 9173 (ER)

Ramos, D.J.:

The City of New York ("City") and the People of the State of New York ("State") (together, "Plaintiffs") bring this consolidated action against FedEx Ground Package System, Inc. ("FedEx"). Before this Court is FedEx's motion to compel the State to provide certain discovery and Plaintiffs' cross-motion for a protective order.

For following reasons, FedEx's motion to compel is GRANTED in part and DENIED in part and Plaintiffs' request for protective order is DENIED.

## I. BACKGROUND[1]

### A. *FedEx I* and *FedEx II*

This consolidated action centers on allegations that FedEx knowingly delivered, on behalf of cigarette shippers, contraband cigarettes throughout the country, including in New York City and the State of New York. The City instituted the first action, 13 Civ. 9173 (ER) ("*FedEx I*"), on December 30, 2013. *FedEx I*, Doc. 1. On March 30, 2014, the City amended its

---

[1] This Opinion discusses only those facts necessary to decide the instant motions. Familiarity with the underlying facts and procedural history of this matter is otherwise presumed.

Complaint to add the State as a plaintiff as well as additional allegations. *FedEx I*, Doc. 13. On November 12, 2014, Plaintiffs instituted a second action against FedEx, 14 Civ. 8985 (ER) ("*FedEx II*"), seeking the same type of relief as was sought in *FedEx I*. *FedEx II*, Doc. 1. On April 15, 2016, the Court consolidated *FedEx I* and *FedEx II* and directed that all future filings in the case be filed under *FedEx I*. *FedEx I*, Doc. 184. The shippers at issue in the instant consolidated action include Shinnecock Smoke Shop, Native Made Tobacco, Cigarettes Direct To You, FOW Enterprises, Inc., Your Kentucky Tobacco Resource LLC, Discount Tobacco Outlet, Kee Missouri DC, Lakeside Enterprises, Shinnecock Indian Outpost, and Two Pines Enterprises. *FedEx I*, Doc. 184 at 1-2 n.2 & 3.

The parties proceeded to discovery, and as relevant to this motion, the State initially served its privilege and redaction logs on March 16, 2016. *FedEx* I, Doc. 287 ("Wilkinson Decl.") Ex. A, Ex B. Subsequently, the Court issued several decisions relevant to the parties' discovery obligations. On March 31, 2016, the Court issued an order regarding Plaintiffs' motion to strike twelve of FedEx's twenty-four affirmative defenses ("March Order"). *FedEx I*, Doc. 176 ("March Order") at 5. The Court struck the fourth, fifth, twelfth, fifteenth and eighteenth defenses in part, and the sixth, tenth, eleventh and seventeenth defenses in whole. *Id.* at 7-28. Separately, on April 27, 2016, the Court issued an order regarding FedEx's Rule 30(b)(6) deposition topics ("April Order"). *FedEx I*, Doc. 192 ("April Order"). Notably, the Court held that discovery that is *only* relevant to an affirmative defense that has been struck is not permitted, and made determinations on which topics are relevant to the instant action. *Id.* at 12.[2]

---

[2] Specifically, the Court found that discovery of the following proposed 30(b)(6) topics were relevant and discoverable in part: State and City topics 1(b), 1(d), 1(e), 1(f), 1(g), 1(i), 1(p); State topic 3(f) and City topic 3(g); State topic 3(g) and City topic 3(h); State topic 3(h) and City topic 3(i); City topic 3(o); State topic 4(a); State topic 6; City topic 6; and State and City topic 8. Discovery of the following topics were found to be relevant and

2

On August 4, 2016, FedEx served the State its objections to the State's privilege and redaction logs. Wilkinson Decl. Ex. C. FedEx claimed that the State's assertion of the deliberative process privilege over more than 250 documents, and assertion of the law enforcement privilege over more than 200 documents, were deficient. *Id.* On October 31, 2016, the State responded by stating that many of the documents listed in its logs were no longer relevant in light of the March and April Orders. *FedEx* I, Doc. 293 ("Cachola Decl.") Ex. H.; Wilkinson Decl. Ex. D. For the documents that remained, the State agreed to re-review the privilege assertions. *Id.*

After the State's re-review, it produced approximately thirty documents previously deemed privileged. *FedEx* I, Doc. 292 ("Mem. Prot. Order") at 4. On December 16, 2016, it also provided FedEx its revised privilege and redaction logs. Wilkinson Decl. Ex. E, Ex. F. The State removed approximately 270 documents from the logs as irrelevant under the March and April Orders, but maintained that they were nonetheless privileged. Mem. Prot. Order at 4-5. The revised privilege log listed 121 documents that are protected by the law enforcement privilege, and no documents protected by the deliberative process privilege. *FedEx* I, Doc. 286 ("Mem. Mot. Compel") at 3. The revised redaction log listed 24 documents that are protected by the law enforcement privilege, and two documents that are protected by the deliberative process privilege. *Id.*

On December 23, 2016, FedEx filed a pre-motion conference letter, requesting leave to file a motion to compel the production of documents that the State claims are protected by the

---

discoverable in whole: State topic 3(e) and City topic 3(f); State topics 3(j), 3(k), and 3(*l*); City topics 3(k), 3(*l*), 3(m); State topic 3(m) and City topic 3(n); State topics 4(b), 4(c), 4(d), 4(e), 4(f), 4(g); and State and City topic 7. Discovery of the following topics were found to be minimally relevant but non-discoverable because of the undue burden Plaintiffs claimed they would have in preparing the deponents: State topic 10 and City topic 9; State topic 12 and City topic 10; and State topic 13 and City topic 11. *FedEx I*, Doc. 192 at 15-25.

3

law enforcement or deliberative process privileges, including the approximately 270 documents that the State removed as irrelevant. *FedEx I*, Doc. 273. On January 10, 2017, the State filed a letter in opposition along with a declaration by Amanda Hiller ("Hiller"), the Deputy Commissioner and Counsel for the New York State Department of Taxation and Finance (the "Department"). *FedEx I*, Doc. 280. The Court granted Defendants' request to file a motion to compel as well as Plaintiffs' cross-motion for a protective order. *FedEx I*, Doc. 288.

## II. LEGAL STANDARD

### A. Motion to Compel

District courts have broad discretion in deciding motions to compel. *See Grand Cent. P'ship. Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999). Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1). Although "[t]he discovery rules are to be given a broad and liberal construction . . . they do not permit discovery of matters that are neither relevant to issues in the case nor calculated to lead to relevant and admissible evidence." *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 274 (S.D.N.Y. 1999). The party seeking discovery must first demonstrate that the information is discoverable, including, *inter alia*, that it is relevant. *See, e.g.*, *Mandell v. Maxon Co.*, No. 06 Civ. 460 (RWS), 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007); *see also Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 102 (S.D.N.Y. 2013). Once the moving party meets its burden, the objecting party must justify curtailing discovery. *Allison v. Clos-ette Too, LLC*, No. 14 Civ. 1618 (JCF), 2015 WL 136102, at *8 (S.D.N.Y. Jan. 9, 2015).

4

### B. Motion for Protective Order

Rule 26(c)(1) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "This rule 'confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *U.S. Commodity Futures Trading Comm'n v. Parnon Energy, Inc.*, 593 F. App'x 32, 36 (2d Cir. 2014) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). "Rule 26(c) allows for the crafting of appropriate relief, including that the disclosure or discovery may be had only on specified terms and conditions." *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, No. 09 Civ. 5087 (JFK), 2012 WL 1589597, at *3 (S.D.N.Y. May 7, 2012) (internal quotations and citation omitted).

"The party seeking a protective order bears the burden of establishing that good cause for the order exists." *Id.* at *5 (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004)). It must demonstrate a "particular need for protection," showing "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* (citations omitted)

### III. DISCUSSION

#### A. Relevance

The parties disagree about the scope of the March and April Orders. FedEx argues that the State improperly delisted documents from the March 16, 2016 logs as irrelevant pursuant to a misguided and unduly limited reading of those prior orders. The State contends the Court's prior orders rendered those documents irrelevant.

The Court previously disallowed 30(b)(6) depositions on certain minimally relevant

topics, finding that their relevance was outweighed by the burden Plaintiffs asserted they would face in preparing the deponents. April Order at 24. Specifically, the Court disallowed 30(b)(6) depositions on the following topics because Plaintiffs claimed it would be unduly burdensome: (1) cooperation between the City and State, or any other state or government, concerning cigarette-related activity; (2) forms, instructions, or regulatory guidance of the State, the City, or any other governmental entity that might pertain to shipper-related persons or any cigarettes on which the State may base any claim in this case; and (3) cigarette-related testimony. *Id.* However, to say that they are minimally relevant is not to say that they are irrelevant. And the same concerns of undue burden do not exist for the production of documents related to those topics. That is especially true here as the State has already reviewed, identified and logged the documents as privileged. The universe of documents FedEx seeks is approximately 270 documents the State removed as irrelevant, and an additional 147 documents over which the State claims law enforcement or deliberative process privilege. Accordingly, Plaintiffs must produce all documents that are relevant to the instant consolidated action, including those pertaining to discovery topics that the Court previously found are only minimally relevant.

The Court also limited several of FedEx's proposed 30(b)(6) deposition topics—namely, certain of Plaintiffs' enforcement methods, knowledge, efforts, positions, statements concerning culpability, and prior litigation or agreements—to information that concerns the shipments at issue, and noted that FedEx is not entitled to discovery on those topics generally. *See* April Order at 16, 17, 19-20, 22-23. FedEx asserts that a document may concern the shippers or shipments at issue even though it does not *specifically* name the shippers or shipments. The Court agrees. The State has not indicated whether it removed from its revised logs all documents that relate to, but do not specifically name the shippers or shipments at issue. However, to the

extent that it has, the State is obligated to produce those documents.

FedEx asks the Court to conduct an *in camera* inspection of the withheld documents to determine relevance. The Court declines to do so in the first instance. Instead, the State is ordered to re-review the documents and produce or log any documents that it erroneously removed as irrelevant. The State must then submit any documents it still finds to be irrelevant for the Court's *in camera* review.

### B. Law Enforcement Privilege

FedEx further challenges the sufficiency of the State's assertions of the law enforcement and deliberative process privileges. The purpose of the law enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Dinler v. City of New York (In re The City of New York)*, 607 F.3d 923, 940-41 (2d Cir. 2010) ("*Dinler*") (quoting *In re Dep't of Investigation of City of N.Y.,* 856 F.2d 481, 484 (2d Cir. 1988)). An investigation need not be ongoing since "'the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information' is revealed to the public." *Id.* at 944 (quoting *Nat'l Cong. for Puerto Rican Rights ex rel. Perez v. City of New York,* 194 F.R.D. 88, 95 (S.D.N.Y. 2000)).

The parties agree that "the party asserting the law enforcement privilege bears the burden of showing that the privilege applies to the documents in question." *Id.* (citing *In re Sealed Case,* 856 F.2d 268, 271-72 (D.C. Cir. 1988)). However, the parties dispute what that burden entails. FedEx asserts that district courts in this Circuit have required a "clear and specific evidentiary showing of the nature and extent of the harm that is likely to be encountered if

7

disclosure is permitted," *Kunstler v. City of New York*, No. 04 Civ. 1145 (RWS) (MHD), 2005 WL 2656117 at *1 (S.D.N.Y. Oct. 18, 2005) (citation omitted), and that the party claiming privilege cannot rely on merely conclusory or *ipse dixit* assertions, *MacNamara v. City of New York*, 249 F.R.D. 70, 85 (S.D.N.Y. 2008) (citations omitted). The State argues that such a specific showing is not necessary under *Dinler*.

*Dinler* sought to resolve the issue of "how a court should proceed once it establishes that the information at issue is subject to the [law enforcement] privilege." *Dinler*, 607 F.3d at 940. Before resolving this question, the Second Circuit first summarized the basic principles of the doctrine. Relevant to the instant dispute, the Second Circuit stated that "the party asserting the law enforcement privilege *must show* that the documents contain information that the law enforcement privilege is intended to protect," but did not further discuss the level of detail necessary. *Id.* at 944 (citation omitted) (emphasis added). It then examined the actual documents at issue and found that the documents, even in redacted form, contained detailed information about the undercover operations of the city police department, which clearly relates to law enforcement techniques and procedures. *Id.* Post-*Dinler* decisions in this Circuit continue to hold that the burden on the party claiming the privilege cannot be discharged by conclusory or *ipse dixit* assertions. *See e.g. United States v. Wey*, No. 15 Cr. 611 (AJN), 2017 WL 1737652, at *7 (S.D.N.Y. May 1, 2017); *Micillo v. Liddle & Robinson LLP*, No. 15 Civ. 6141 (JMF), 2016 WL 2997507, at *4 (S.D.N.Y. May 23, 2016) (citation omitted); *Coleman v. Cty. of Suffolk*, 174 F. Supp. 3d 747, 756-57 (E.D.N.Y. 2016), *aff'd,* 685 F. App'x 69 (2d Cir. 2017).

Here, the Court finds the State has only provided conclusory or *ipse dixit* assertions in support of the law enforcement privilege. In its privilege logs, the State merely declares that the documents reflect "law enforcement techniques and procedures" and/or "information that would

undermine the confidentiality of sources."[3] These are mere recitations of the categories of information that the law enforcement privilege is designed to protect. It does not provide the requisite details from which the Court can ascertain that the documents at issue contain such categories of information. *See Coleman*, 174 F. Supp. 3d at 757 (noting that a mere "restatement of the type of information the privilege is meant to protect" is insufficient for the party claiming the law enforcement privilege to satisfy its burden). Furthermore, the State has failed to provide a clear and specific evidentiary showing as to the harm that would be caused by the documents' disclosure. It only states in a conclusory fashion that disclosure may "impair future investigations." Such statements are inadequate. *See Micillo*, 2016 WL 2997507, at *5 (finding a conclusory assertion that disclosure could "chill" future investigations is insufficient to invoke the law enforcement privilege).

FedEx asks the Court to compel production of the documents over which the State asserts law enforcement privilege because failure to properly assert privilege at the time a party responds to a discovery request results in waiver of the privilege. Alternatively, FedEx requests that the Court conduct an *in camera* inspection of the documents. The State asserts that production would be an extreme remedy, but that it would be willing to provide the documents to the Court for an *in camera* review. While failure to produce an adequate and timely privilege log can result in forfeiture of privilege, "only flagrant violations of [discovery] rules should result in a waiver of privilege." *Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK) (JCF), 2013 WL 4045326, at *3 (S.D.N.Y. Aug. 9, 2013) (citation omitted); *see also Norton v. Town of Islip*, No. Civ. 043079 (PKC) (SIL), 2017 WL 943927, at *6 (E.D.N.Y. Mar. 9, 2017) (stating that "[a]

---

[3] For example, the State's December 16, 2016 privilege log entries 117-123 all merely describe each document as the following: "E-mail concerning the shipment of cigarettes to the Shinnecock reservation that reflects information on law enforcement techniques and procedures, and information which, if revealed, would undermine the confidentiality of sources and may impair future investigations." Wilkinson Decl. Ex. E at 1.

9

finding of waiver is inappropriate where there is a reasonable dispute as to the privileges asserted"). Here, the parties had a reasonable dispute about the level of specificity required in the State's privilege logs. Thus, the Court will allow the State to amplify its claim of privilege to cure its deficiencies. *See In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 226 (2d Cir. 1984) (finding that the privilege assertions were deficient, and noting that the party claiming privilege should have "an opportunity to amplify the record in support of his claim of privilege"). If the dispute is unresolved at that juncture, the State will be required to produce the documents for the Court's *in camera* review.

### C. Deliberative Process Privilege

The deliberative process privilege "protects the decisionmaking processes of the executive branch in order to safeguard the quality and integrity of governmental decisions." *Hopkins v. U.S. Dep't of Hous. and Urban Dev.*, 929 F.2d 81, 84 (2d Cir. 1991)(citation omitted). It is a "sub-species of [the] work-product privilege that covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Tigue v. U.S. Dep't of Justice,* 312 F.3d 70, 76 (2d Cir.2002) (quoting *Dep't of the Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8 (2001)(internal quotations omitted)). The party claiming deliberative process privilege bears the burden of demonstrating that the document is "predecisional" and "deliberative." *Tigue,* 312 F.3d at 76 (citing cases); *Nat'l Congress for Puerto Rican Rights v. City of New York,* 194 F.R.D. 88, 92 (S.D.N.Y. 2000) (citing *Hopkins,* 929 F.2d at 84). "A document is predecisional when it is prepared in order to assist an agency decisionmaker in arriving at his decision." *Tigue,* 312 F.3d at 80 (quoting *Grand Cent. P'ship, Inc.,* 166 F.3d at 482); *Nat'l Congress for Puerto Rican Rights,* 194 F.R.D. at 92 (same). A document is considered

deliberative if it is "actually . . . related to the process by which policies are formulated." *Nat'l Congress for Puerto Rican Rights,* 194 F.R.D. at 92 (quoting *Hopkins*, 929 F.2d at 84).

FedEx argues that the State's assertion of the deliberative process privilege is defective in three respects. First, FedEx argues that the assertion must be accompanied by a contemporaneous affidavit prepared by the head of the governmental agency or an appropriately qualified designee of high authority after personal consideration of the documents. This argument is well supported by courts in this district. *See Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 Civ. 6746 (RKE) (HBP), 2014 WL 2518959, at *4 (S.D.N.Y. June 4, 2014) (the deliberative process privilege must be invoked "'by the head of the governmental agency . . . after personal review of the documents in question' or by a subordinate designee of high authority" who must provide an "affidavit *contemporaneous* with the assertion of such privilege") (citations omitted); *In re Grand Jury Subpoena Dated August 9, 2000,* 218 F.Supp.2d 544, 552, 552-53 (S.D.N.Y. 2002) (the deliberative process privilege must be asserted by the head of the governmental agency or an appropriately qualified designee, and the documents must be "identified and described, and the agency must provide 'precise and certain' reasons for asserting confidentiality over the requested information") (citations omitted). Here, the State did not submit an affidavit contemporaneously with its production and assertion of privilege. Rather, Hiller's declaration was served on January 10, 2017, in response to FedEx's pre-motion conference letter requesting leave to file the instant motion to compel.

However, the State argues that although some courts require such contemporaneous affidavits, there is no binding authority mandating them, and that many other courts hold otherwise. It cites to three cases in support of this argument, none of which are controlling on this Court or are from this district: *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973); *U. S. Dep't*

11

*of Energy v. Brett*, 659 F.2d 154 (Temp. Emer. Ct. App. 1981); and *Spinner v. City of New York*, No. 01 Civ. 2715 (CPS), 2004 U.S. Dist. LEXIS 2541 (E.D.N.Y. Feb. 19, 2004). These cases do not counsel the Court to depart from the weight of authority in this district. *Brett* and *Vaughn* both note that an affidavit is required if the agency wishes to avoid *in camera* inspection of the documents at issue. *See Brett*, 659 F.2d at *155; *Vaughn*, 484 F.2d at 826 n. 20. The State has not submitted any documents over which it claims deliberative process privilege for *in camera* review. Furthermore, *Spinner* noted that certain courts, including a court in this district, have required the party claiming deliberative process privilege to submit an affidavit in addition to an index of the purportedly privileged documents. *Spinner*, 2004 U.S. Dist. LEXIS 2541, *9-10. *Spinner* then went on to make a privilege determination after an *in camera* review of the documents at issue. *Id.* at *10. Thus, *Brett*, *Vaughn*, and *Spinner* do not relieve the State of the obligation to submit affidavit to assert the deliberative process privilege. The remaining question, then, is whether Hiller's belated declaration satisfies the requirement. The Court finds that it does. As with the law enforcement privilege, requiring production of arguably privileged documents because of the late filing of an affidavit is too severe a sanction. *See Chevron Corp.*, 2013 WL 4045326, at *3; *cf. In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d at 226. Accordingly, the Court will not require production on this basis.

Second, FedEx argues that Hiller's declaration is deficient because she is an attorney. Hiller is Deputy Commissioner and Counsel for the Department. Cachola Decl. Ex. K ¶ 1. In her declaration, she stated that the acting Commissioner of the Department delegated to her the task of claiming the deliberative process privilege. *Id.* at ¶ 4. FedEx does not dispute that Hiller is a "qualified designee of high authority," but, relying on cases in this district, it claims that she nonetheless cannot assert the privilege because she is an attorney. The Court disagrees, and

finds that there is no categorical prohibition on individuals who are attorneys as well as qualified designees of high authority from providing the required affidavit. The cases FedEx relies on are readily distinguishable. None of those cases discuss the sufficiency of an affidavit by an individual who serves a dual role of a high ranking official and counsel to assert the privilege. *See Schomburg v. New York City Police Dep't*, 298 F.R.D. 138, 144 (S.D.N.Y. 2014) (noting that the agency's claim of deliberative process privilege is deficient because no affidavit from the head of the agency was submitted, and instead, the agency only invoked the privilege generally); *Kaufman v. City of New York,* No. 98 Civ. 2648 (MJL)(KNF), 1999 WL 239698, at *4 (S.D.N.Y. Apr. 22, 1999) (finding that the agency did not meet its burden to establish deliberative process privilege because "the privilege . . . [was generally] asserted solely by counsel to the municipal government defendants"); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 643 F. Supp. 2d 439, 443 (S.D.N.Y. 2009) (rejecting affidavits from the agency's general counsel and a high-ranking agency official lacking expressly delegated authority). Furthermore, the concerns associated with attorney affidavits do not apply to Hiller with equal force because she serves the agency in a dual capacity. In *MTBE*, the court found that general counsels cannot assert the deliberative process privilege because they have every incentive to withhold documents as advocates, and the decisionmaker is in the best position to know which documents were prepared to assist a decision, which express deliberative opinions, and which must be protected to maintain internal candor. 643 F. Supp. 2d at 443. Here, there is no dispute that Hiller is in a position to know what documents were proposed to assist a decision by dint of her responsibilities as Deputy Commissioner.

Third, FedEx argues that the declaration nevertheless lacks the requisite details to assert the privilege because it does not (1) identify any specific agency decision or high-level policy

13

that the redacted documents concern, (2) establish that the documents do not contain purely factual content, or (3) address whether the potential harm of disclosure would outweigh the public's interest in full disclosure.[4] *See Grand Cent. P'ship, Inc.*, 166 F.3d at 482 (to establish that the document is predecisional, the agency must pinpoint the specific agency decision to which the document correlates and verify that the document precedes the decision to which it relates) (citation omitted); *Hopkins*, 929 F.2d at 85 ("The [deliberative process] privilege does not, as a general matter, extend to purely factual material"); *Resolution Tr. Corp. v. Diamond*, 773 F. Supp. 597, 604 (S.D.N.Y. 1991) (the individual asserting deliberative process privilege must explain that the documents at issue are so sensitive that disclosure would compromise the agency decision-making process, outweighing the public interest in full disclosure).

Hiller states in her declaration that the two documents listed on the revised redaction log have identical redactions. Cachola Decl. Ex. K ¶¶ 4-5. The redactions are "applied to a two-sentence paragraph discussing the possibility of joint or cooperative enforcement actions involving the illegal possession and transportation of unstamped cigarettes within the State. The redacted content is predecisional in nature, specifically noting that further discussions will occur prior to any final policy adopted by the Department." *Id.* at ¶ 5. The Court finds that this explanation is specific enough to establish that the redacted content concerns a particular agency policy before the policy was enacted. Furthermore, a discussion of the *possibility* of such policy cannot purely involve factual content. However, Hiller does not explain why the documents must be kept confidential despite the public interest in full disclosure.

The Court does not find that the State's failure is detrimental enough to compel

---

[4] FedEx also takes issue with Hiller's statement that the agency re-reviewed 18 documents without specifying which of those documents she reviewed. The Court finds that this omission is immaterial. Hiller's discussion of the content of the two redacted documents indicate that she reviewed at least those documents.

disclosure or *in camera* review.  Instead, the State is ordered to cure this deficiency.  Moreover, to the extent that the State wishes to assert the privilege for additional documents after re-review of the documents delisted as irrelevant, Hiller must further supplement her declaration.

>    **D. Protective Order**

Plaintiffs ask the Court for a protective order prohibiting FedEx from seeking discovery on eighteen separate discovery topics that they claim the Court previously found were beyond the scope of discovery.  They argue that FedEx continues to seek discovery on irrelevant topics, causing undue burden and expense.  Specifically, Plaintiffs point to the following prior incidents: (1) FedEx's request for irrelevant documents removed from the State's March 16, 2016 logs; (2) improper depositions of five former and current New York State Department of Taxation and Finance employees from the Criminal Investigations Division, which occurred prior to the Court's issuance of the March and April Orders; and (3) improper depositions of a former Counsel to the Attorney General and a former Assistant Attorney General, which occurred after the March and April Orders were issued.  Plaintiffs further state that such misconduct will continue in the upcoming depositions absent a protective order.

The Court finds that the State fails to establish good cause for a protective order.  The parties' dispute regarding the removal of documents from the State's privilege and redaction logs appear to be borne out of good faith disagreement as to the extent that the Court's prior orders apply to Plaintiffs' document discovery obligations.  To that end, the Court has already clarified its prior orders.

With regards to the prior depositions, Plaintiffs assert that five of those depositions occurred prior to the March Order and April Order, and thus, FedEx can hardly be faulted for not exhibiting the clairvoyance to abide by them.  *See* Mem. Prot. Order at 23.  It also appears that

15

Plaintiffs were not overly burdened by the two more recent depositions. FedEx asserts that those depositions only took approximately eight hours in total. Doc. 301 at 12. Also, Plaintiffs had the opportunity to object to any line of questioning that they believed were improper. However, they only objected on two occasions that questions went beyond the scope allowed in the March and April Orders. *Id.* at 13.

As to Plaintiffs' concerns regarding the upcoming depositions, they have not provided any reason for the Court to believe that FedEx will seek irrelevant testimony or otherwise fail to abide by the orders of this Court. It also appears that the parties' efforts to meet and confer on the appropriateness of the upcoming depositions are ongoing. Mem. Prot. Order at 24 n.20. To the extent that Plaintiffs believe that FedEx is exceeding the allowed scope of discovery during the depositions, they are free to make objections.

## IV. CONCLUSION

For the reasons set forth above, FedEx's motion to compel is GRANTED in part and DENIED in part. The State is hereby ordered to produce those documents, if any, that are responsive in accordance with this Order, and revise its privilege and redaction logs and the accompanying Hiller declaration by October 3, 2017. Plaintiffs' motion for protective order is DENIED.

The Clerk of the Court is directed to terminate the motions Docs. 285, 291.

It is SO ORDERED.

Dated:  September 18, 2017
        New York, New York

                                                  _____
                                                  Edgardo Ramos, U.S.D.J.

16