STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
HEALTH CARE BUREAU

Leslieann E. Cachola
Assistant Attorney General
leslieann.cachola@ag.ny.gov

August 29, 2018

**By ECF**
Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square, Courtroom 619
New York, New York 10007

    RE:    *The City of New York and The People of the State of New York v. FedEx Ground Package System, Inc.*, No. 13-cv-9173(ER)

Dear Judge Ramos:

On behalf of Plaintiffs the City of New York and the People of the State of New York, we write to respond to the August 21, 2018, letter of Defendant FedEx Ground Package System, Inc. ("FedEx") seeking permission to file a motion to exclude the testimony of four of Plaintiffs' proposed trial witnesses. ECF No. 529.[1] For the reasons set forth below, FedEx's request to file a motion to exclude the testimony of these witnesses should be denied.[2]

    A.  Factual Background

It will be helpful for the Court to have the proper context for each of the four witnesses challenged by FedEx. First, as to Dawn McCarrell, she is on Plaintiffs' "may call" list because Defendant refuses to stipulate that the records of her prior employer, Cigarettes Direct To You are authentic and are business records. Plaintiffs provided a declaration to this effect to FedEx approximately six months ago, in February, and also submitted the same declaration with

---

[1] FedEx's letter offers no justification for its request that Your Honor rule now on an issue properly addressed during the course of the pretrial schedule ordered by the Court. Pursuant to that schedule (ECF No. 526), the parties will provide any objections to the other side's witnesses in their joint pretrial statement, to be filed September 7, 2018, and will file motions *in limine* by September 17, 2018. FedEx's letter is merely an effort to distract Plaintiffs from the work of preparing for trial, strategically timed amidst the deadlines the parties agreed upon for their exchange of deposition designations and objections.

[2] To the extent the Court permits FedEx to file a motion related to the four witnesses addressed in its letter (Dawn McCarrell, Matt Myers, Matthew Myerson, and Christopher Nichols), Plaintiffs request the opportunity to fully respond on the schedule already established for motion *in limine* practice.

Plaintiffs' summary judgment briefing. ECF No. 490, Ex. 253. FedEx has failed to explain what is objectionable about the declaration, but states in its letter to the Court that it will move *in limine* to exclude it nonetheless. Based on Defendant's continued objection to the business records of Cigarettes Direct To You, Plaintiffs will have no choice but to bring Ms. McCarrell to trial to provide authentication testimony.

Second, Matt Myers is the author of a letter from the Campaign for Tobacco Free Kids that was sent to FedEx in 2005, to which FedEx responded, and which was also produced by the State in this litigation. The letter was also submitted as Exhibit 21 in support of Plaintiffs' motion for summary judgment. ECF No. 456, Ex. 21. Myers would testify about his knowledge concerning the letter, in which he requested that FedEx reform their policies concerning internet cigarette sales deliveries, a topic on which FedEx has long been on notice.

Third, Matthew Myerson is the Deputy Associate Chief Counsel for the Bureau of Alcohol, Tobacco, Firearms and Explosives, and he supplied a declaration that was submitted as Exhibit 49 in support of Plaintiffs' summary judgment motion. ECF No. 456, Ex. 49. This declaration, which reflects the subject matter to which he would testify at trial, concerned the presentation he gave at a 2003 meeting, where FedEx counsel was present, concerning illegal cigarette shipments and tax arbitrage.

As to Christopher Nichols, as FedEx acknowledges in its letter, he was added to Plaintiffs' witness list in an abundance of caution in the event that Peter Spitzer was unavailable to testify at trial. One of the cases relied on by FedEx actually denied a motion to preclude testimony in this exact scenario. See Depew v. Shopko Stores, Inc., 2006 U.S. Dist. LEXIS 1918, at *4-6 (D. Idaho Jan. 6, 2006) (denying motion to preclude testimony of witness who replaced a previously-disclosed witness as Defendant's Regional Human Resource Director).

B. Argument

FedEx has long been aware of each of these witnesses and their relevance to the case, and is incorrect that Plaintiffs have violated FRCP 26. Plaintiffs' Rule 26(a)(1) disclosures were supplemented to include the four individuals, and the likely subjects of their testimony, on August 6, 2018, over two months prior to the scheduled trial date of October 9, 2018. "[A] duty to supplement information provided under Fed. R. Civ. P. 26(a) arises where a party learns that the information initially provided was in some material respect incomplete. The deadline for providing supplementation in such a circumstance is the time the party's disclosures are due under Fed. R. Civ. P. 26(a)(3), which is thirty days before trial unless otherwise directed by the court." Giladi v. Strauch, 2007 U.S. Dist. LEXIS 8666, at *37-38 (S.D.N.Y. Feb. 6, 2007). In this case, the Court has set a deadline of September 7, 2018, for the filing of the parties' witness lists as part of the joint pretrial statement. The disclosure of these individuals, made a full month in advance of that deadline, complied with Rule 26(a)(3). By contrast, in Patterson v. Balsamico, relied upon by FedEx, the plaintiff failed to disclose certain witnesses in the disclosure that was required – per FRCP 26(a)(3) – at least 30 days before trial. Patterson v. Balsamico, 440 F.3d 104, 116-17 (2d Cir. 2006) (listing the witnesses for the first time, with no accompanying

information, 10 days before trial).[3]

In the event that the Court determines the witnesses were not properly disclosed under FRCP 26, this should not result in their preclusion at trial, because any disclosure failure was harmless. FRCP 37(c)(1). FedEx is not prejudiced by the inclusion of these witnesses at trial. In FedEx's cited case Balsamico, the court specifically pointed to the fact that "[n]o evidence from these witnesses was submitted in connection with the defendants' summary judgment motion. Rather ... as the district court noted, Patterson first received notice of the witnesses, unaccompanied by any information concerning the nature of their testimony, shortly before trial." Balsamico, 440 F.3d at 117. In contrast, FedEx was informed thoroughly of each of the witnesses at summary judgment, at the latest. Unlike in Balsamico where the witnesses were first listed – with no information – ten days before trial, FedEx had all relevant information months beforehand.

Whatever FedEx feels it needs to do to prepare for these four witnesses, including depositions if it so chooses,[4] its substantial team of lawyers can accomplish in seven weeks with no prejudice. Contrast with FedEx's cited case Schmidt v. Mars, in which the court precluded 17 previously-undisclosed witnesses on the basis of "prejudice to Defendant and the potential for disruption to trial." 2012 U.S. Dist. LEXIS 50095, at *3-4 (D.N.J. Apr. 10, 2012).[5]

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

*Leslieann Cachola*

Leslieann E. Cachola
Assistant Attorney General

cc: Counsel of Record (via ECF)

---

[3] FedEx's other Second Circuit citation, Design Strategy, Inc. v. Davis, 469 F.3d 284 (2d. Cir. 2006), is entirely inapposite. There, the basis for the court's exclusion of two witnesses first disclosed shortly before trial – including an expert witness – was that their testimony would be based on an entirely undisclosed theory of damages. Id. at 293-296. Plaintiff wanted the witnesses to testify about lost profits, which had never been disclosed per FRCP 26(a)(1)(C) (requiring a computation of all categories of damages). Id. at 294-296. To permit trial testimony from these newly disclosed individuals would have necessitated reopening discovery, including a new round of expert discovery. Id. at 296-97. In addition, the trial date had already been postponed at the plaintiff's request. Id. at 294.

[4] See MBIA Ins. Corp. v. Patriarch Partners VIII, 2012 U.S. Dist. LEXIS 92435, at *41-42 (S.D.N.Y. July 2, 2012) ("This and other courts have adopted the taking of depositions as an appropriate mechanism to address late-disclosed witnesses"). Plaintiffs have communicated to FedEx that they have no objection to FedEx deposing the four witnesses, but note also that because Plaintiffs have designated both Ms. McCarrell and Mr. Nichols as witnesses that they do not expect to call unless the need arises, their depositions could even await such a determination. As for Mr. Myerson and Mr. Myers, their depositions would be unlikely to last more than a few hours given the limited scope of their anticipated testimony.

[5] FedEx expresses concern about its ability to timely complete the *Touhy* regulatory process for Mr. Myerson, but in fact Plaintiffs have already begun the *Touhy* process for Mr. Myerson, and do not anticipate that it should be a problem for FedEx to depose him if it wishes to do so. Of course, if any issues arise, the Court could revisit the issue at that time.