UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK AND THE PEOPLE OF THE
STATE OF NEW YORK,
    Plaintiffs,

-against-

FEDEX GROUND PACKAGE SYSTEM, INC.,
    Defendant.

**OPINION & ORDER**

13 Civ. 9173 (ER)

Ramos, D.J.:

On August 21, 2018, FedEx Ground submitted a letter seeking permission to file a motion to exclude the testimony of four proposed trial witnesses pursuant to Federal Rule of Civil Procedure 37(c)(1). Doc. 529. The witnesses are Dawn McCarrell, Matt Myers, Matthew Myerson, and Christopher Nichols. Doc. 529. On August 29, 2018, Plaintiffs, the City of New York and the People of the State of New York, filed a letter responding to FedEx Ground. Doc. 531. Having reviewed the parties' submissions, the Court denies FedEx Ground leave to file a motion to exclude the four witnesses from testifying at this juncture.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 26(a)(3) states that "a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for

impeachment: (i) the name and, if not previously provided, the address and telephone number of each witness . . . ." These witness disclosures "must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). Rule 26(e) requires parties to supplement their Rule 26(a)(3) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."

FedEx Ground contends that the four witnesses Plaintiffs identified for the first time on August 6, 2018 in their supplemental disclosures were disclosed late under Rule 26(a) and thus under Rule 37 should be excluded from testifying. But FedEx Ground does not identify what deadline Plaintiffs' supplemental disclosures breached. Under the operative scheduling order, the parties' witness lists are due on September 7, 2018, as part of the joint pretrial statement. The new witnesses were disclosed a month before then. The new witnesses were also disclosed before the 30-day deadline for witness disclosures set out in Rule 26(a)(3)(B). Plaintiffs thus did not "fail[] to . . . identify a witness as required by Rule 26(a)." Fed. R. Civ. P. 37(a).

The Court consequently denies FedEx Ground leave to file a motion to exclude the testimony of Dawn McCarrell, Matt Myers, Matthew Myerson, and Christopher Nichols, without prejudice to FedEx Ground's right to make any other objection to their testimony. The Clerk of the Court is directed to terminate the motion (Doc. 529).

It is SO ORDERED.

Dated: September 7, 2018
      New York, New York

_____
Edgardo Ramos, U.S.D.J.