**MEMO ENDORSED**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 9/19/2018

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
HEALTH CARE BUREAU

September 13, 2018

**By ECF**
Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square, Courtroom 619
New York, New York, 10007

RE: *The City of New York and The People of the State of New York v. FedEx Ground Package System, Inc.*, No. 13-cv-9173 (ER)

Dear Judge Ramos:

Plaintiffs the City of New York and the People of the State of New York respectfully seek permission to file a motion to strike deposition testimony that has been improperly identified by Defendant FedEx Ground Package System, Inc. ("FedEx" or "Defendant") as a "counter-designation" to Plaintiffs' case when it is in fact an affirmative, or case in chief designation. First, Plaintiffs request that the Court order FedEx to remove these so-called counter-designations to Plaintiffs' case in accordance with Federal Rule of Evidence 106 ("FRE 106"), and properly identify FedEx's affirmative designations so that they may be played during FedEx's case.[1] Second, Plaintiffs seek a ruling that FedEx may not play these affirmative designations in Plaintiffs' case in chief. Third, Plaintiffs seek an order striking FedEx's "counter-counter designations" and "responses" to Plaintiffs' objections and counter-designations to FedEx's affirmative designations because this Court's Rules permits only "[a] designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party" and Plaintiffs did not agree[2] to exchange submissions not allowed for by your Honor. *See* J. Ramos Ind. Pract., III.A.ix.

**I.   FedEx's "counter-designations" Violate FRE 106.**

FedEx seeks to circumvent the well-established rule that counter-designations are permitted so that "excerpts of testimony … [are] understood in context." *In re Reserve Fund Securities and Der. Litig.,* 2012 WL 12354234, at *5 (S.D.N.Y. 2012); *see In re Gen. Motors LLC Ignition Switch Litig.*, 2017

---

[1] Plaintiffs reserve the right to serve counter-designations and objections to FedEx's affirmative designations.
[2] Consistent with this Court's Rules, Plaintiffs agreed to serve FedEx with their affirmative, or case-in-chief deposition designations, and objections and counter-designations to FedEx's affirmative designations. ("Pretrial Agreement"). *See* ECF No. 533-5, 7/26/18. Plaintiffs served FedEx with their affirmative designations for sixteen witnesses ("Plaintiffs Designated Witnesses"). *See* Pl. Ex. A, 8/8/18 Email. All of the designations to Plaintiffs' Designated Witnesses provided by FedEx were marked as "counter-designations." *See* ECF No. 533-7. Because these counter-designations are improper, Plaintiffs object to playing them at the same time as Plaintiffs' affirmative designations in their case in chief.

Hon. Edgardo Ramos
September 13, 2018

WL 2829693, at *4 (S.D.N.Y. 2017) (remedy for improper counter-designations "is to prohibit" party "from playing" the improper counter-designations). FRE 106 governs and provides that where "a party introduces all or part of a … recorded statement, an adverse party may require the introduction, at that time, of any other part [of the] recorded statement--that in fairness ought to be considered at the same time." *See* FRE 106. "The Second Circuit has interpreted Rule 106 to justify the admission of previously excluded portions of partially received documents or statements *only when necessary to explain the admitted portion,* to place it into context, to ensure a fair and impartial understanding of the admitted portion, or to correct a misleading impression that might arise from excluding it." *Reserve Fund,* 2012 WL 12354234 at * 4 (emphasis added) (citations omitted). It is well-established that the "purpose [of Rule 106] is not to permit an adversary to create a full record as to a particular issue." *Id.* FRE 106 "is a modified expression of the common law 'rule of completeness'" which requires counter-designations to relate to designated testimony or evidence. *Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 199 F.R.D. 487, 489 (E.D.N.Y. 2001).

FedEx designated substantial portions of testimony as counters that are far outside the scope of FRE 106 and the rule of completeness.[3] For example, FedEx "counter-designated" testimony concerning whether James Dolin was aware of other shippers besides Your Kentucky Tobacco Resource using FedEx's Ashland, KY, terminal.[4] *See* Dolin Tr. at 79. This testimony does not relate to or complete any testimony designated by Plaintiffs which concerns entirely different topics. FedEx also "counter-designated" a portion of testimony concerning the status of drivers as a "contracted work force" and the degree to which they retain some degree of independence, which is an issue FedEx is advancing as part of its defense, but which is totally irrelevant to Plaintiffs' designated testimony. *See* Dolin Tr. at 13. As another example, FedEx "counter-designated" testimony of Mark Scanlon concerning the purported role of shippers and of drivers in determining whether packages would be designated for "home delivery." *See* Scanlon Tr. at 59. The problem is, Plaintiffs did not designate any testimony relating to these issues for Mr. Scanlon; thus, FedEx's "counters" are plainly not included for purposes of completeness or fairness. *See U.S. v. Klein*, 2017 WL 839765, at *2 (E.D.N.Y. 2017) (holding that "[t]o the extent that certain counter-designations are not admissible, this is so because the counter-designated statement is too far removed from the admitted statements").

Similarly, FedEx designated *its own examination* of Plaintiffs' Designated Witnesses as "counter designations."[5] The testimony elicited by FedEx during its examination of these witnesses covers topics that go far beyond the topics covered by Plaintiffs' designations, and therefore has nothing to do with completeness or fairness. For example, FedEx "counter" designated substantial portions of its own examination for James Dolin, Tracy Gatten, Samantha Harrison, Marc Scanlon, Deborah

---

[3] On September 5, 2018, two days before the filing of the parties' Joint Pretrial Statement ("JPTS"), FedEx confirmed/revealed that their counter-designations also include FedEx's *affirmative* designations for Plaintiffs' Designated Witnesses. Plaintiffs objected to such "counter" designations, and in the parties' JPTS, FedEx does not deny that its "counter-designations" also include FedEx's affirmative designations and thus go beyond the completeness rule. *See* Ex. B Plaintiffs' 9/5/18 Objection.

[4] If the Court would find it useful, Plaintiffs are prepared to submit copies of the transcripts with each parties' designations highlighted to further demonstrate the disconnect between the topics addressed in Plaintiffs' designations and Defendants' "counter" designations.

[5] At the conclusion of Plaintiffs' examination for eleven of Plaintiffs' Designated Witnesses, FedEx conducted its own examination during which FedEx asked questions relevant to FedEx's case and wholly irrelevant to Plaintiffs' case. FedEx *does not* list these ten witnesses on FedEx's witness list despite seeking to introduce affirmative designations for those witnesses. ECF No. 533-7.

Hon. Edgardo Ramos
September 13, 2018

Schmidt, and Renee Thomas even though Plaintiffs did not designate a single line from FedEx's examination of these witnesses. For Ms. Nikki Martin, almost half of Ms. Martin's deposition consists of questioning by FedEx. FedEx's "counters" for Ms. Martin are actually affirmative designations that must be played by FedEx during its case. These "counters" include questions relating to Ms. Martin's communications with attorneys for the State, and a page of testimony relating to "DSL Ever-Ready Glass." *See* Martin Dep. 57-59; 99-100. Plaintiffs did not designate any testimony relating to these two issues to justify a FedEx "counter." For Robert Boetto, FedEx "counters" testimony in FedEx's own examination of Mr. Boetto regarding whether he recognized "tax stamps" despite Plaintiffs not having designated any such testimony. Boetto Tr. 108: 15:25. For Mark Bitzer, FedEx counters testimony regarding "how many packages enter FedEx Ground's system on a given workday" and whether FedEx "opens boxes" despite Plaintiffs not designating any testimony relating to these issues. *See* Bitzer Dep. Tr. at 137-141. For Ms. Richardson, FedEx "counters" with self-serving testimony in response to a leading question on FedEx's "culture of compliance" despite Plaintiffs not designating *any* testimony relating to this alleged "culture of compliance." *See* Richardson Tr. at 232.

These examples (of which there are many more for all of Plaintiffs' Designated Witnesses) establish that FedEx improperly identified its affirmative designations as "counters." FedEx's strategy violates FRE 106 and unfairly prejudices Plaintiffs because by presenting this testimony as "counter designations", FedEx is in effect presenting its defense case during Plaintiffs' case-in-chief. *See* FRE 611; *Blue Cross and Blue Shield of New Jersey, Inc.*, 199 F.R.D. at 490 ("a party's presentation of a case ought not to be unduly interrupted or distracted"); *See Argentine v. United Steelworkers of Am.*, AFL–CIO, 287 F.3d 476, 486 (6th Cir.2002) (affirming trial court's decision to delay cross-examination of a witness called during the plaintiff's case-in-chief until the defense's own case-in-chief where the witness was "essentially a [defense] witness" and thus the questioning would be a cross-examination in form only). This prejudices Plaintiffs by prolonging Plaintiffs' presentation of its case in chief and confusing the jury who will be asked to hear designated testimony for over 16 witnesses.

## II. The Court should strike FedEx's "counter-counter designations" and "responses."

In addition, the Court should strike FedEx's counter-counter designations and responses to Plaintiffs' counter-designations and objections to FedEx's designations. First, the Court's Rules do not permit counter-counter designations or responses, and FedEx should not be permitted to submit these additional submissions that are akin to improper sur-replies. *See* ECF 533-5. Second, the parties did not agree to exchange these submissions and FedEx should be held to the Pretrial Agreement. Third, FedEx did not seek your Honor's permission to serve counter-counter designations or responses and, having failed to do so, FedEx should be precluded from presenting these improper submissions. Accordingly, for Defendant's case-in-chief witnesses Jeffrey Bolinger, Kevin Fow, Chris Lannon, Andy Lynn, and Janet Mullins, all testimony designated as "DCC" – or Defendant's counter-counter designations – should be stricken. Lastly, the Court should strike FedEx's responses to Plaintiffs' objections to Defendant's affirmative designations as violating both the Pretrial Agreement and this Court's Rules. *See* ECF No. 533-9.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,
/s/ Paulina Stamatelos

Hon. Edgardo Ramos
September 13, 2018

                                                Paulina Stamatelos
                                                Assistant Attorney General

cc:  Counsel of Record (via ECF)

> FedEx is directed to respond to Plaintiffs' letter by September 24, 2018. The response should not exceed 3 pages. SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 9/19/2018
> New York, New York

4